ALEX PANOS, Respondent, v. AMERICAN CAR & FOUNDRY COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted March 8, 1910. Opinion Filed March 22, 1910.

1. MASTER AND SERVANT: Negligence: Injury to Servant: Case for Jury. In an action by a servant, who was injured by a heavy iron slab falling on him, as a result of the cogs in a pulley being "eaten off," allowing a chain, which passed over it and which suspended the slab, to slip, it being shown that knowledge of the defect had been conveyed to the master and that the defect had existed for such a length of time also that the master ought to have known of it, the court did not err in sending the case to the jury.

2. **DAMAGES: Personal Injuries: Awarding Damages: Function of Jury.** The jury, in a personal injury action, must determine the extent, duration, and probable pain and suffering directly resulting from the injury and the compensation to be awarded therefor, subject to the control of the court to keep the amount within reasonable bounds and to see that it is not the result of passion and prejudice.

3. ———: ———: ———: **Presumption of Ability to Work: Evidence.** Where, in an action for injuries to a servant, the evidence showed that down to the time of the accident he had been earning from $1.50 to $2.00 per day, the jury, notwithstanding the absence of evidence of the servant's previous physical condition, could presume that his condition enabled him to do the work and earn the wages he was receiving when hurt.

4. ———: ———: ———: **Instructions: Loss of Time: No Evidence of Inability to Work.** In an action for personal injuries, where there was no evidence that since the accident plaintiff had not been able to earn any wages, but only that he had earned nothing, an instruction directing the jury to take into consideration the loss of his time in estimating his damages was erroneous.

5. ———: ———: ———: ———: ———: ———: **Harmless Error.** The error of said instruction was harmless, however, in view of the fact that the verdict was for $750 only, which was very moderate, and in view of the fact that the injured foot was exhibited to the jury and that they could assume, from the fact a heavy iron beam fell upon and crushed it, plaintiff had suffered great pain.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

AFFIRMED.

*Watts, Williams & Dines* and *Wm. R. Gentry* for appellant.

(1) The demurrer to the evidence should have been sustained: (a) Because there is no evidence in the record to show that any defective condition in the cogs of the wheel referred to in the evidence was the proximate cause of the accident to plaintiff. (b) Be-

cause there was no evidence of any notice either actual or constructive to the defendant concerning a defective condition of the cogs on the wheel referred to in the petition. It is elementary that there must be either actual or constructive notice to the master concerning a defective appliance before he is liable for injuries resulting to the servant on account of the same. The rule is the same whether the thing complained of is the place to work or an appliance with which to work. Beebee v. St. Louis Transit Co., 206 Mo. 419; Brooks v. Railroad, 71 S. W. 507; Wojtylak v. Coal Co., 188 Mo. 260. (c) Because there is no evidence in the record that plaintiff sustained any injury as the result of the falling of the slab or sill of iron. (2) The court erred in giving the instruction given by the court at the request of the plaintiff, relating to the measure of damages. This instruction is wrong because it embraces elements not supported by the evidence, such as previous and present physical condition, loss of time, pain and suffering, future loss of earnings and future damages without specifying what damages. Instructions on the measure of damages should embrace no elements not supported by the testimony. Moellman v. Lumber Co., 114 S. W. 1023; Morris v. Railroad, 144 Mo. 500; Slaughter v. Railroad, 116 Mo. 269; Coontz v. Railroad, 115 Mo. 669; Gibler v. Railroad, 203 Mo. 208; Railroad v. Flood, 70 S. W. (Tex.) 331.

*Stein & Wulff,* for respondent, filed argument.

REYNOLDS, P. J.—Action for damages for personal injuries sustained while plaintiff was in the employ of the defendant. It is averred in the amended petition upon which the case was tried, that plaintiff was at work on a certain iron slab or plate, inserting bolts or spikes into it, for the purpose of having them riveted, the slab being held above the ground by a pulley, operated by the extension of an iron chain over a

cogwheel, the pulley and chain being designed and used for the purpose of lifting the slabs from the ground and holding them while the workmen were engaged in punching, riveting and spiking thereon; that while plaintiff was at work on this iron slab it slipped and fell and struck the left foot of plaintiff, crushing and mashing it in such manner as to necessitate the amputation of his foot at a place about two inches below the ankle; that the cause of the slipping and falling of the plate was the defective cogwheel over which the chain passed and that the direct cause of plaintiff's injury was the negligence of defendant in furnishing him unsafe appliances with which to work. Damages were prayed in the sum of $1999 and costs.

The answer was a general denial.

At the trial of the case before the court and jury, there was evidence tending to establish the facts set out in the petition.

Plaintiff is a Greek, entirely unacquainted with the English language, and his fellow-workmen were Greeks or Bulgarians, and the testimony was all given to the court and jury by means of interpreters, so that it is rather difficult to arrive at the exact facts in evidence. Beyond the fact that the plaintiff was injured in the foot by the falling of this iron beam upon it while he was at work, there is nothing in the record to show what the injury consisted of, as the plaintiff and the interpreter do not appear to have been able to describe it in words, but it does appear that during the progress of the trial, plaintiff took off his shoe and sock and exhibited the injured foot to the jury. It was further in evidence that before the injury plaintiff was earning from $1.50 to $2 a day and that he had not worked since down to the time of the trial. There was some evidence in the case tending to show actual knowledge or such continuance of the condition as to constructively charge defendant with knowledge of the

defective condition of the cogs on the wheel or pulley, over which the chain used in raising and lowering the iron slab passed and there was evidence tending to show that by reason of the defective condition of these cogs, they being half worn, the chain had slipped in passing over this cogwheel, and that the slipping of this chain on the cogwheel of the pulley had resulted in letting the slab fall on plaintiff's foot, thereby injuring it. There was no evidence in the case as to what the previous condition of the plaintiff was, as to physical strength or health.

At the close of the testimony defendant asked a peremptory instruction in the nature of a demurrer which the court refused, defendant excepting. Of its own motion the court gave an instruction to the effect that if the jury found that plaintiff was in the employ of the defendant as a laborer at its car shops in the city of Madison, Illinois, where the injury occurred, and that on the day of the alleged injury it was a part of his duty to use a certain pulley operated by a certain iron link chain, running over a cogwheel, and if they found that that was the appliance furnished to him by his employer and used in the work in which he was engaged, and that the iron slab described in the evidence fell upon and injured plaintiff, and if they believed that the slab was caused to fall by reason of the fact that the cogs on the cogwheel over which the iron link chain passed, were worn in such a manner as to cause the chain to slip and fail to catch in the links as the chain passed over the cogwheel, and if they found that the defective condition of the wheel was known or by the exercise of ordinary care might have been known to the defendant, and that at the time plaintiff was in the exercise of ordinary care for his own safety, they should find for plaintiff, the court further instructing the jury that it was the duty of the master to use ordinary care to furnish his servants a reasonably safe place to work and furnish him with rea-

sonably safe machinery and appliances with which to do the work allotted to him. The court also defined ordinary care and the number of jurors necessary to find a verdict, and at the instance of the plaintiff instructed the jury that if they found for him, in estimating his damages the jury would consider his physical condition before and since receiving the injuries for which he sues, as shown by the evidence, the physical pain and mental anguish, if any, suffered by him on account thereof at the time of and since his injuries, his loss of time and such damage, if any, as the jury might, from the evidence, find it reasonably certain he would suffer in the future therefrom, and that the jury would find a verdict, if they found for plaintiff, for such sum as in their judgment will, under the evidence, reasonably compensate him for such injuries, not exceeding the sum of $1999. These were excepted to by defendant. At the request of the defendant the court instructed the jury, in substance, that if they found from the evidence that the iron wheel referred to in the evidence was carried and placed by a crane so that one end rested upon the ground and one end upon the machine, that a hook was fastened to it by some of the members of the same gang in which plaintiff worked and some of the others in the gang began to pull upon the chain and in doing so caused the wheel to be turned upon its edge and that by reason thereof it was caused to slip from the machine and so fell upon plaintiff and injured him, then plaintiff is not entitled to recover.

There was a verdict in favor of plaintiff in the sum of $750, the verdict being signed by nine of the jurors. After a motion for new trial defendant duly appealed to this court.

The assignments of error are that the court erred in overruling defendant's demurrer to the evidence and that it erred in giving an improper instruction on the measure of damages at the request of plaintiff.

We have read all the evidence in the case as pre-

sented in the abstract furnished by the appellant and cannot agree to the first assignment of error. There was evidence in the case entitling the plaintiff to go to the jury. It is true the evidence is meager, evidently the result of unskilled interpreters, the witnesses for the plaintiff and plaintiff himself being totally unacquainted with the English language, and being questioned by and their answers all coming through interpreters, but in spite of this fact, there was evidence before the jury that the plaintiff had been injured by the falling upon his foot of the iron slab or plate upon which, at the time, he, with others, was engaged in working. While they were handling this large slab, which appears to have been some 30 feet long and 2 feet or more wide, a heavy iron slab, the chain which passed over a wheel in the pulley slipped by reason of the cogs in it being ''eaten off,'' as the witnesses described it, about one-half. There was evidence, slight, it is true, tending to show that a knowledge of the defective and unsafe condition of this cogwheel had been conveyed to the employer and there was substantial evidence to show that its defective condition could have been discovered and was known to those working around it long enough to warrant the court in instructing the jury on the law of constructive notice, and warranting the jury in finding that the master, the employer, ought to have known of its defective condition. So that there is no ground for exception to the action of the trial court in overruling the demurrer, or in giving the main instruction as to plaintiff's right to recover.

The objection to the instruction as to the measure of damages is more serious. As before noted, the jury had before them ocular demonstration of the extent of the injury, they were the triers of fact as to the extent, duration and probable pain and suffering which would directly result from such an injury, and the compensation he should receive therefor, subject, of

course, to the control of the court to keep that amount within reasonable bounds, and to see that it was not the result of passion and prejudice. Furthermore, the jury had a right to assume that if the plaintiff was in such physical condition when employed by the defendant as to justify his employment, that his physical condition down to the time of the accident was certainly sufficient to enable him to do that work and earn the wages he was receiving. It was in evidence that before the accident and down to the time of it he had been earning from $1.50 to $2 a day wages. There was no evidence that since the accident the plaintiff had not been able to earn the same or any wages, only that he had earned nothing, therefore, the instruction directing the jury to take into consideration the loss of his time in estimating plaintiff's damage was erroneous. With all the facts before them, however, as we have before noted, there was sufficient evidence to warrant the jury in finding for the plaintiff. The jury saw the injured foot; they had a right to assume from the very nature of the accident itself, that is to say, a heavy iron beam falling upon and crushing a man's foot, that great pain and suffering would result. Certainly the verdict of $750 was exceedingly moderate, if the foot was merely crushed and not so injured as to compel amputation, as alleged in the petition. Under the facts we do not think that the error as to compensation for loss of time is reversible error, and it is the only error in the case. Having in mind the injunction of section 865, Revised Statutes 1899, that the appellate court "shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action," we are all of opinion that the verdict and judgment in this cause should be affirmed.

The judgment of the circuit court is accordingly affirmed. All concur.