ISABELLA MATTHEWS v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY and W. L. STONE, Appellants.

### Division One, March 31, 1910.

1. **NEGLIGENCE: Assumption of Risks: Violation of Rules.** A servant assumes all risks where he is injured in consequence of a violation of the master's rules and directions, and there can be no recovery from the master for such injuries. So that where the company in writing instructed the foreman "from this time on have it understood that the hostler only is to handle the engine," and the foreman directed the hostler's helper to run the engine, and he did so, and while doing so the foreman was killed, there can be no recovery against the company.

2. **———: ———: ———: Assuming to Act as Engineer: Trespasser.** Accidents had occurred in the railroad yards, and the master mechanic wrote to the foreman inquiring "why the hostler's helper" was permitted to handle the engine, and instructing that "from this time on have it understood that the hostler only is to handle the engine." Thereafter, while a blinding snow storm was prevailing, the foreman told the hostler's helper to

227 Sup—16

take the engine to the roundhouse and remain there, and that he and the section hand would come in time to turn the turntable and another engine for a train. While the foreman and his men were on the way, the hostler's helper, who had taken the engine to the roundhouse, in violation of his orders to remain there until they came, boarded the same engine and started back to meet the foreman, who was walking on the track and who jumped on seeing the engine, but because of the snow or for some other reason did not do so quickly enough to escape death. There was evidence that the whistle was sounded, and that the foreman could have seen the engine and have left the track in time to have avoided injury, and that the helper could have seen him in his perilous position in time to have averted the injury had he exercised ordinary care. *Held*, on no theory can the railroad company be held liable for the foreman's death. Notwithstanding it was a part of the duty of the helper to run engines under the supervision of the hostler, the letter was specific, and if the helper was running the engine in obedience to directions from the foreman, those directions were in violation of a specific rule, and the company is not liable. If the helper was running the engine in violation of the foreman's instructions to take it to the roundhouse and remain there until he came, then the helper was not representing the company at all, but was a trespasser upon the engine.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett*, Judge.

REVERSED AS TO THE DEFENDANT COMPANY; AFFIRMED AS TO THE DEFENDANT STONE.

*O. M. Spencer, Fry & Rodgers, H. H. Trimble* and *Palmer Trimble* for appellants.

(1) (a) The servant assumes all risks of injury resulting from acts done in violation of the master's orders and rules. Francis v. Railroad, 110 Mo. 387; Schaub v. Railroad, 106 Mo. 74; Alcorn v. Railroad, 108 Mo. 81; Zumwalt v. Railroad, 35 Mo. App. 661; State v. Caster, 93 Mo. 248; 3 Elliott on Railroads (2 Ed.), sec. 1314, p. 765; O'Brien v. S. C. Co., 165 Mass. 435; Railroad v. DeWees, 153 Fed. 56; Railroad v. Chasteen, 88 Ala. 591; Railroad v. Dye, 70 Fed. 24; Railroad

v. Craig, 80 Fed. 488; Ledberg v. R. I. Co., 97 Mich. 443; Coops v. Railroad, 66 Mich. 448; Beaver v. Railroad, 39 A. & E. R. R. Cas. 269, 136 Fed. 306; Smith v. R. & U. Co., 29 Conn. 261; Mickelson v. Railroad, 20 A. & E. 855; Railroad v. Woods, 195 Ala. 568; Francis v. Railroad, 127 Mo. 674; Knight v. Cooper, 36 W. Va. 232; Palmade v. Harter, 29 Nev. 303; Smith v. Foster, 93 Ill. App. 138; Railroad v. Manias, 51 Miss. 641. (b) Disobeying rules. State v. Castor, 93 Mo. 248; Railroad v. DeWees, 153 Fed. 56; Railroad v. Dye, 70 Fed. 24; Railroad v. Craig, 80 Fed. 488; Francis v. Railroad, 127 Mo. 674. (2) Matthews was especially instructed not to permit Stone to run an engine. His act in violation of such instruction, was negligence *per se.* Alcorn v. Railroad, 108 Mo. 81; Francis v. Railroad, 110 Mo. 387; Barry v. Railroad, 98 Mo. 69; Leffler v. Railroad, 96 Mo. 270; Price v. Railroad, 77 Mo. 508; Gardner v. Railroad, 58 Mich. 584; State v. Caster, 93 Mo. 248; Francis v. Railroad, 127 Mo. 674; Railroad v. Whitcomb, 12 N. E. (Ind.) 380; Railroad v. DeWees, 153 Fed. 56; Leeds v. Railroad, 74 Ia. 54; Railroad v. Dye, 70 Fed. 24; Schaub v. Railroad, 106 Mo. 74; Railroad v. Craig, 80 Fed. 488; Zumwalt v. Railroad, 35 Mo. App. 667; Railroad v. Caraway, 45 Am. & Eng. R. R. Cases (Ark.) 532; Railroad v. Lightheiser, 45 Am. & Eng. R. R. Cases (Ind.) 130; Reagan v. Railroad, 93 Mo. 352; Labatt, Master and Servant, 948; Railroad v. Hooker, 170 Fed. 154; Railroad v. Collier, 157 Fed. 347; Nordquist v. Railroad, 89 Minn. 485; Scott v. Railroad, 90 Minn. 125; Brown v. Railroad, 44 Wash. 1; Railroad v. Mothersedt, 110 Ala. 143; Simpson v. Railroad, 39 N. Y. Supp. 464. (3) Stone was not acting within the scope of his employment, hence the railway company is not liable for his acts. Farber v. Railroad, 116 Mo. 81; Snyder v. Railroad, 60 Mo. 419; Hartman v. Muehlebach, 64 Mo. App. 565; Sherman v. Railroad, 72 Mo. 63; Walker v. Railroad, 121 Mo. 575; Stringer v. Railroad, 96 Mo. 299;

Jones v. Railroad, 43 Mo. App. 398. (4) The relation of master and servant and the scope of employment of the servant is created by contract, express or implied. Pendleton v. Railroad, 104 S. W. (Ky.) 382; Thompson, Law of Negligence, sec. 4677; Railroad v. Hocker, 111 Ky. 707; Labatt, Master and Servant, sec. 633. (5) If the act done by the servant is not within the scope of his employment, nor specially ordered by the master, the master is not liable, even though the act is done while working for the master. Bowen v. Railroad, 39 A. & E. 269; 3 Elliott, Railroads, p. 100; Farber v. Railroad, 116 Mo. 81; Snyder v. Railroad, 60 Mo. 419; Hartman v. Muehlebach, 64 Mo. App. 565; Sherman v. Railroad, 72 Mo. 63; Slinger v. Railroad, 96 Mo. 299; Jones v. Railroad, 43 Mo. App. 398. (6) Matthews knew Stone was incompetent, hence he was guilty of contributory negligence in putting him on the engine. This is elementary law. 4 Elliott on Railroads (2 Ed.), sec. 1314, p. 7661, note 154. (7) The burden of proving that Stone was authorized to handle the engine rests on respondent. Walker v. Railroad, 121 Mo. 575; Cousins v. Railroad, 66 Mo. 572; Farber v. Railroad, 116 Mo. 81.

*Barclay, Fauntleroy & Cullen* for respondent.

(1) Defendant's rule and custom required the bell to be rung or the whistle sounded on all moving engines, and to move an engine without giving such signals is negligence on defendant's part, and a servant is not guilty of contributory negligence because he walks upon the tracks in discharge of his duty. Lewis v. Railroad, 121 S. W. 1090; Dixon v. Railroad, 109 Mo. 429, 119 Mo. 203; Thompson v. Railroad, 93 Mo. App. 548; Speed v. Railroad, 71 Mo. 303; Railroad v. Rhea, 84 S. W. 428; Railroad v. Schultz, 19 O. C. C. 639; Ring v. Railroad, 112 Mo. 220; 1 Labatt, Master & Servant, p. 452, sec. 209; Anderson v. Mill Co., 42

Minn. 424; Anderson v. Railroad, 8 Utah 128; Railroad v. Barker, 17 Ky. L. Rep. 424; Britton v. Railroad, 47 Minn. 340; Railroad v. Holcomb, 9 Ind. App. 211; Amato v. Railroad, 46 Fed. 464; Smith v. Railroad, 132 N. C. 824; Railroad v. Craft, 16 C. C. A. 834; 4 Thomp., Neg. (2 Ed.), secs. 4067 and 4167. (2) If the master intrusts a servant with possession and control of the subject-matter, and the servant exceeds his instructions in an attempt to serve his master, the master is liable. Douglas v. Stephens, 18 Mo. 367; Garretzen v. Duenckel, 50 Mo. 104; Harreman v. Stowe, 57 Mo. 98; Mound City Co. v. Colon, 92 Mo. 229; Whitehead v. Railroad, 99 Mo. 270. (3) Under our fellow-servant law the servant of a railroad company may recover damages by reason of the negligence of any other agent or servant thereof, and proof that the hostler's helper was in the employ of the defendant makes a case under the fellow-servant act. Laws 1897, sec. 1, p. 96; Callahan v. Railroad, 170 Mo. 473. (4) When rules do not command the doing or not doing of a particular act or acts, but impose upon the servant duties calling for the exercise of judgment, skill, and diligence, the question whether an act is a violation of the rules is one of fact. Railroad v. Parker, 131 Ill. 557; affirming 33 Ill. App. 405; Bucklew v. Railroad, 64 Ia. 603; Railroad v. Galbraith, 109 Pa. St. 32. (5) Even when a servant knowingly and intentionally violates a rule of the master, his disobedience must contribute to the injury as a proximate cause thereof in order to preclude a recovery. Fickett v. Fibre Co., 91 Me. 268; Glasgow Coal Co. v. Sneddon, Sc. Ct. of Sess. 7 F. 485; Chielinsky v. Hoopes Co., 1 Marv. (Del.) 273; Rittenhouse v. Railroad, 120 N. C. 544; Smith v. Powell Co., 10 Ohio Dec. (Reprint) 799; Morrow v. Mfg. Co., 70 S. C. 242; Culpepper v. Railroad, 90 Tex. 627; Railroad v. Kane, 118 Fed. 223; Prather v. Railroad, 80 Ga. 435; Railroad v. Fowler, 61 Kas. 320; White v. Railroad, 72 Miss. 12; Railroad

v. Veach, 46 S. W. 493; Ford v. Railroad, 110 Mass. 240; Mason v. Railroad, 114 N. C. 718; Railroad v. Wallace, 76 Tex. 636; Railroad v. Ryan, 69 Tex. 665; Railroad v. Maupin, 26 Tex. Civ. App. 385; Driver v. Railroad, 103 Va. 659; Freeman v. Glen Falls Co., 70 Hun (N. Y.) 530. (6) The master is liable for the tortious acts of his servants done in the course of his employment, although contrary to his orders. Railroad v. Derby, 14 How. (U. S.) 468. (7) Where a railroad company promulgates a rule for the safety of its employees, but the rule is constantly violated by them, with the knowledge of the representatives of the company, an employee will not be deemed to be guilty of negligence in disregarding the rule. Barry v. Railroad, 98 Mo. 62; Frances v. Railroad, 110 Mo. 387; Bussey v. Railroad, 58 S. E. 1015; Anderson v. Railroad, 102 Minn. 355; Railroad v. Dupree, 84 Ark. 377; Feneff v. Railroad, 82 N. E. 705. (8) The question whether the rules of a master have been nullified by their habitual disregard is a question for the jury. Tullis v. Railroad, 105 Fed. 554; McNee v. Coburn Co., 170 Mass. 285; Railroad v. Smock, 23 Colo. 456; Mohr v. Railroad, 55 N. Y. App. Div. 176, 66 N. Y. Supp. 899. (9) The testimony of the witness Bruns to the effect that he had notified Matthews not to allow Stone to operate the engine sprang from an interested source, was inconsistent and contradictory; and the credibility of such testimony is for the jury and not for the court, and the same is true of the testimony of Stone and other witnesses. Bryan v. Wear, 4 Mo. 106; Wolff v. Campbell, 110 Mo. 114; Gordon v. Burris, 141 Mo. 602; Seehorn v. Bank, 148 Mo. 256; Ford v. Dyer, 148 Mo. 528; Gannon v. Gas Light Co., 145 Mo. 502; Vincent v. Means, 184 Mo. 327; Mowry v. Norman, 204 Mo. 173; Hunter v. Wethington, 205 Mo. 284; Davidson v. Transit Co., 211 Mo. 320; Porter v. Stockhard Co., 213 Mo. 372; Poplar Bluff v. Hill, 92 Mo. App. 17; Kingsbury v. Joseph, 94 Mo. App. 298; Hugumin v. Hinds,

97 Mo. App. 346; Dodd v. Giseffi, 100 Mo. App. 311; Chinn v. Railroad, 100 Mo. App. 576; Holland v. Railroad, 105 Mo. App. 117; Whitson v. Bank, 105 Mo. App. 505; Dawson v. Wombels, 111 Mo. App. 532; Bank v. Hammond, 124 Mo. App. 177; 1 Thompson on Trials, sec. 1037. (10) Facts and circumstances opposing the otherwise uncontradicted testimony of an unimpeached witness raise an issue of his credibility which must be tried by the jury. Holland v. Railroad, 105 Mo. App. 117; Jenks v. Glenn, 86 Mo. App. 329; Rice v. McFarland, 41 Mo. App. 489; Hunter v. Withington, 203 Mo. 292; 1 Starkie on Ev. (6 Am. Ed.), pp. 480, 493.

WOODSON, J.—This suit was brought by the widow of M. M. Matthews, deceased, against the defendants, to recover $10,000 damages sustained by her through their alleged negligence in killing her said husband. A trial was had in the circuit court of Audrain county, which resulted in a judgment in her favor against both defendants for the sum of $9000. In due time and in proper form both appealed the cause to this court.

Many questions are raised and discussed by counsel for both the plaintiff and the defendant company, but the view we have taken of the case renders it unnecessary for us to notice but one of them, which will be presently stated.

The deceased was foreman and the day hostler for the defendant railroad company at Francis, Audrain county, and was killed by an engine of said company on February 26, 1906, in the yards at Francis. The engine at the time of striking Matthews was being run by defendant Stone. One C. D. Glaves was night hostler in the same yards, and said Stone was a hostler's helper. His duties were to assist the hostler, and do ordinary day labor in and around the yards and roundhouse. He was employed by Matthews and was under his sole charge, and was subject only to his orders.

It was the duty of deceased to care for the yards, see that all engines were properly cared for and housed when not in use, and during the day to move all engines that were to be moved in the yards. Those same duties devolved upon Glaves during the night. Both of them were experienced engineers.

The defendant Stone, as well as all other hostler helpers, learn to be hostlers and engineers under the eye, supervision and direction of the hostler, and, ordinarily, when they become proficient in that business, they assist the hostler in the actual operation and running of the engines; but in this particular instance Stone, it seems, had not performed this particular branch of his duties in a satisfactory manner to the master mechanic of the company, who had charge and control of all hostlers and their helpers. A previous accident had occurred at Francis while Stone, the helper, had charge of the engine, and because of that accident, the master mechanic, I. N. Wilber, sent Matthews, the deceased, the following letter of instructions, to-wit:

"Mr. W. W. Matthews, Foreman, Francis.

"Dear Sir: Why was the hostler's helper handling engine No. 121 this morning? What was the hostler doing? This is the second accident we have had at Francis where the helper was handling the engine. Now, from this time on have it understood that the hostler only is to handle the engine.

"Yours truly,<br>"I. N. Wilber."

A blinding snow storm was raging on the morning of and at the time of the accident which resulted in the death of Matthews. About forty minutes previous to the accident, Stone ran the engine down to the office, where Matthews was performing some duty to the company. Upon reaching the office the latter instructed Stone to run the engine back up to the roundhouse and shovel the snow out of the turntable tracks, and

that he would get the section foreman and his men to go up with him and they would turn the Chicago & Alton engine in time to get it out for the train. In pursuance to that order, Stone ran the engine back to the roundhouse, and Matthews procured the section foreman and his men and started up to the roundhouse, where the engine had been ordered, for the purpose of turning the said Chicago & Alton engine.

While they were on the way up there for that purpose, without the knowledge or assent of Matthews, Stone, in violation of his orders to remain at the roundhouse until he, Matthews, and the section men reached there, boarded the defendant's engine and started back to the office for Matthews and the section men, who were walking along the center of the track, meeting the engine. Because of the snow or for some other reason none of them saw the engine until it was right on them. All jumped from the track, but Matthews and the section foreman were not quite quick enough to completely clear it, consequently Matthews was killed and the foreman injured.

There was evidence introduced tending to show that the whistle was sounded, and that Matthews could have seen the approaching engine in time to have left the track in time to have avoided the injury; and that the defendant Stone could have seen Matthews in his perilous position in time to have averted the injury had he exercised ordinary care.

I. Predicated upon the facts before stated, counsel for the appellant, the railroad company, insist that the respondent was not entitled to a recovery against it, for the reason that Matthews, in violation of express written orders from the master mechanic, intrusted Stone with the operation and movement of the engine which struck and killed him; or that if Stone, as respondent's evidence tended to show, was moving the engine at the time it struck and killed Matthews, in

violation of the latter's order, still the company was not liable, for the reason that in such case Stone was not its agent or servant while so operating the engine, and his acts were not binding upon it.

As to the first insistence, it is sufficient to say that it is no longer an open question in this State that, when an employee is injured in consequence of the violation of the master's instructions, the law will not permit a recovery in favor of the former against the latter, for the reason that by so doing the servant assumes all the risks which are incident thereto, and must suffer without compensation all injuries sustained by him in consequence of said assumed risks, except in those cases where the evidence shows that the rules of the master were being violated by the servant with the knowledge and consent of the master, or with knowledge and without objection on his part. [Francis v. Railroad, 110 Mo. l. c. 394, 395; Francis v. Railroad, 127 Mo. 658; Alcorn v. Railroad, 108 Mo. 81; Schaub v. Railroad, 106 Mo. 74; Railroad v. Thomas, 51 Miss. 641; Shanny v. Androscoggin Mills, 66 Me. 429; Lockwood v. Railroad, 55 Wis. 50; Lyon v. Railroad, 31 Mich. 429.]

According to this well-established rule of law, as enunciated by the adjudications of the courts of this and other States, respondent was not entitled to a recovery, if Stone, at the time of the injury, was running the engine in obedience to the orders of her husband, for the reason that the letter written by the master mechanic to him was a plain and positive instruction for him not to permit Stone to operate the engines in the future.

Counsel for respondent attempts to escape the effects of that letter by contending that Matthews may not have understood the letter, because the evidence showed that it was a part of the duty of helpers to run engines under the supervision of the hostler, and in the light of that fact he may have under-

stood the letter to mean that he was to instruct other hostlers not to permit helpers to run engines, and that it had no application to himself.

The letter is not susceptible of any such construction, for it plainly states, "Now from this time on have it understood that the *hostler alone is to handle the engine.*" Mr. Stone was not a hostler, and Mr. Matthews knew that fact when he saw the former run the engine down to the office, and when he ordered him to run it back to the roundhouse and there remain until the section men arrived there for the purpose of turning the Chicago & Alton engine.

It is, therefore, perfectly clear that plaintiff cannot recover under that theory of the case.

But in order to escape the effect of the conclusion just drawn, counsel for respondent insists that the record discloses the fact to be that Stone was not only not running the engine in obedience to Matthews' orders but in direct violation of them, in that he told Stone to take the engine back up to the roundhouse and to there remain until he, Matthews, and the section men came up to turn the Chicago & Alton engine.

In taking this horn of the dilemma, respondent is met with the second contention made by counsel for appellants, namely, that if Stone was not acting under the orders of Matthews, then he was not representing the company at all, but was a trespasser upon the engine and was operating it without authority from the company.

Counsel for respondent, by abandoning the first position, which they were forced to do, and assuming the second, also state themselves out of court, for the reason that the record conclusively shows that Matthews employed Stone, that the latter was under the charge and control of the former, and that no one else was authorized to give orders or instructions to him. Consequently, if Stone was not acting under orders from Matthews, then he was not acting at all for the

company, but was a trespasser, pure and simple, and his acts were not binding upon the company.

So it is wholly immaterial which horn of the dilemma counsel for respondent take, it points to a rule of law which absolutely bars all right to a recovery in this case; and the court should have so declared the law to the jury.

For the errors suggested, the judgment of the circuit court in so far as it affects the defendant company is reversed, and judgment is here entered in its favor and against the respondent.

But the judgment in so far as it relates to the defendant Stone will have to be affirmed, for the reason that he has not complied with the rules of this court, requiring abstracts of record and briefs to be filed in this court. It is so ordered. All concur.