ISABEL FLAIZ, Appellant, v. CHICAGO, BURLING-
TON & QUINCY RAILROAD COMPANY, Re-
spondent.

St. Louis Court of Appeals.    Argued and Submitted March 9, 1916.
Opinion Filed April 4, 1916.    Opinion on Motion for Direction of
Judgment Filed May 16, 1916.

1. APPELLATE PRACTICE: Matters Reviewable: Abandoned
Pleading. The appellate court will not consider an abandoned
pleading in passing upon a ruling on a demurrer to the succeed-
ing pleading.

2. MASTER AND SERVANT: "Relief Departments:" Indemnity of
Injured Employee: Release of Liability: Validity of Contract.
In an action against a railroad company for the death benefit
agreed to be paid by a "relief department" of such company out
of a fund created by the voluntary contributions of members and
by interest paid by the company on balances in the fund, defend-
ant pleaded in its answer that it guaranteed the sufficiency of the
fund to pay all disability and death benefits and agreed to main-
tain and operate the "department" at its own expense; that, in
consideration of such agreements by defendant and of large pay-
ments made by it in pursuance thereof, the members of the "de-
partment," including decedent, entered into a contract with
defendant whereby it was agreed that their respective beneficiaries
would, by bringing suit against defendant for the death of the
member, waive any right to receive the death benefit; and that
plaintiff, by bringing such a suit against defendant, had waived
her right, under this contract, to recover the benefit. Held, that
a demurrer to the answer should have been sustained, since the
provision seeking to release defendant from the legal conse-
quences of its future wrongs is unconscionable and, therefore, void.

On Motion for Direction of Judgment.

3. APPELLATE PRACTICE: Rendering Judgment on Insufficient
Answer. Where an answer admits the facts pleaded in the petition,
warranting a judgment for plaintiff, but seeks to avoid a recovery
on a theory that is untenable in law, and the amount of recovery
is not in dispute, the appellate court will, on adjudging such de-
fense insufficient, order judgment entered for plaintiff for such
amount.

Appeal from St. Louis Circuit Court.—Hon. Leo S.
Rassieur, Judge.

REVERSED AND REMANDED (with directions).

Spencer & Donnell for appellant.

(1) The inquiry in this case is as to the validity
or invalidity of a clause in Rule 63 of the Burlington
Railroad Company Relief Department which undertakes

to forfeit the rights and benefits of the beneficiary of a Relief Certificate upon the bringing of a suit for damages for death of the member of said department on whom said certificate is issued. (2) This clause of Rule 63 is void under the Federal Employers' Liability Act of 1908. 36 Stat. at L. (U. S.) 65; Railroad v. Schubert, 224 U. S. 603; State v. Railroad, 212 Mo. 658; McIntosh v. Railroad, 182 Mo. App. 288. (3) Independently of Federal statute, this clause is void. Barden v. Railroad, 152 N. Y. 318, 47 L. R. A. (N. S.) 38; Watson v. Gross, 112 Mo. App. 615; Railroad v. McGuire, 219 U. S. 549; Sturgess v. Railroad, 60 S. E. 939; Lease v. Railroad, 37 N. E. (Ind.) 424; Johnson v. Railroad, 29 Atl. (Pa.) 854; Railroad v. Bell, 62 N. W. (Neb.) 314; Railroad v. Cox, 45 N. E. (Ohio) 641. (4) This very clause has been judicially declared void. Railroad v. Healy, 76 Neb. 783; 10 L. R. A. (N. S.) 198, 111 N. W. 598; Koeller v. Railroad, 88 Neb. 712.

*Douglas W. Robert* for respondent.

(1) The Federal Employes' Liability Act has nothing to do with this case. Matthews' death occurred long before the act was passed. He died February 26, 1906, and the act was approved April 22, 1908. Hall v. Railroad, 149 Fed. 564; Holt v. Henley, 232 U. S. 637; White v. United States, 191 U. S. 545; Thornton on Fed. Emp. Lia. Act, p. 50; Adair v. United States, 208 U. S. 178. (2) (a) The contract does not in any way limit or restrict the liability of the defendant for negligence, and is valid. Eckman v. Railroad, 169 Ill. 312; Railroad v. Dunning, 166 Fed. 850; Johnson v. Railroad, 163 Pa. St. 127; Johnson v. Railroad, 55 S. C. 152; Leas v. Railroad, 10 Ind. App. 47; Day v. Railroad, 179 Fed. 26; Hamilton v. C. B. & Q., 118 Fed. 94; Otis v. Railroad, 71 Fed. 136; Shaver v. Railroad, 71 Fed. 931; Beck v. Railroad, 63 N. J. L. 232; Sturgiss v. Railroad, 80 S. C. 167; 3 Elliott on Railroads, sec. 1383. (b) It certainly could not do so in this case, as it has been judicially determined that there was no negligence on the part of the defendant. Matthews v. C. B. & Q., 227 Mo. 241. (3) (a) The provi-

sion requiring the election of remedy is valid. Having elected to sue for negligence, plaintiff was bound by her election. Frank v. Mining Co., 148 Mich. 637; Donald v. Railroad, 93 Iowa 284; Johnson v. Railroad, 163 Pa. St. 127; Railroad v. Cox, 55 Ohio St. 497; Johnson v. Railroad 55 S. C. 152; Railroad v. Moore, 152 Ind. 345; C. B. & Q. v. Healy, 76 Neb. 783; Walters v. Railroad, 74 Neb. 551; C. B. & Q. v. Olsen, 70 Neb. 559; C. B. & Q. v. Bigley, 95 N. W. (Neb.) 345; Clinton v. Railroad, 60 Neb. 692; C. B. & Q. v. Bell, 44 Neb. 44; Hamilton v. Railroad, 118 Fed. 94; Otis v. Railroad, 71 Fed. 136; Fuller v. Railroad, 67 Md. 433; Rotonti v. Railroad, 49 Pa. Sup. Ct. 595; Snider v. Railroad, 237 Pa. St. 620. (b) Plaintiff's election to sue for negligence subjected defendant to an expense of over $1000.

STATEMENT.—The petition in this action avers that the defendant company maintains a department of service for the establishment and management of a fund known as the Relief Fund, for the payment of a definite amount to the relatives or beneficiaries of its employees, who are killed and who have, in accordance with the provisions of the department, contributed to the Relief Fund and become a member thereof; that this department has been maintained by defendant since and prior to March 15, 1889, and continuously down to the date of the institution of this action (November 18, 1910), and that the defendant company guaranteed the fulfillment of the obligations of the Relief Department evidenced by a memorandum of agreement entered into between the defendant company and other affiliated companies, by which they jointly maintained the Relief Department and by which each became responsible for and guaranteed the payment of such amounts as might become due from that department to the beneficiary of the employees of the respective roads in case of the death of the employees, who had become members of and contributed to the Relief Fund in accordance with its provisions and regulations. It is further averred

that one Marvin M. Matthews, on November 3, 1899, was an employee of the Hannibal & St. Joseph Railroad Company, that company affiliated with the defendant company, and that Matthews, in accordance with the regulations of the Relief Department and because of his employment with the Hannibal & St. Joseph Railroad Company, on November 3, 1899, became a member of this Relief Department, called ''Burlington Voluntary Relief Department;'' that afterwards but prior to February 26, 1906, Matthews ceased to be an employee of the Hannibal & St. Joseph Railroad Company and was transferred to and entered upon the service of, and thus became an employee of, the defendant company and so continued a member of the Relief Department and from the date of the change in employment until his death, was as well an employee of the defendant company; that under and pursuant to the agreement between the parties the defendant company agreed to pay to the beneficiary of Matthews the sum of $1000 in case of his death, the payment to be made under and pursuant to the regulations of the Relief Department to the fund of which Matthew regularly contributed; that he was in good standing in this department up to and including February 26, 1906, on which date he was killed, having faithfully performed all the conditions and made all the payments up to the date of his death, that resulting from his having been run into by an engine operated by defendant company, the engine then under the temporary control of one Stone, a hostler's helper in the employ of defendant company; that plaintiff, who had been the wife and was the widow of Matthews (but who it appeared had since intermarried with one Flaiz), brought her suit in the circuit court of Audrain county, this State, against the defendant company and Stone and obtained a judgment against both in the sum of $9000, which judgment was reversed by the Supreme Court of this State as to the defendant company but affirmed as to Stone, the latter, it being averred, then and now insolvent and the judgment against him worthless. The petition further sets out that by a regulation

(No. 63) of the Relief Department in force during the time of the membership of Matthews and still in force, it is, among other things, provided:

"If any suit shall be brought against the company or any other company associated therewith as aforesaid, for damages arising from or growing out of injury or death occurring to a member, the benefits otherwise payable and all obligations of the Relief Department and of the Company created by the membership of such member in the Relief Fund shall thereupon be forfeited without any declaration or other act by the Relief Department of the Company; but the superintendent may, in his discretion, waive such forfeiture upon condition that all pending suits shall first be dismissed."

Setting out this regulation, it is averred that it is illegal, void and of no effect, and that under the membership of Matthews in the Relief Department his beneficiary was entitled to the sum of $1000 in case of his death. Averring that plaintiff was and is the beneficiary under the membership and as such entitled to the sum of $1000, which the defendant company agreed to pay, and that demand for the payment of the amount due plaintiff was made and refused, the demand, it being averred, having been made soon after the death of Matthews in 1906, and again specifically on March 9, 1910; that the payment was refused by both the Relief Department and the defendant company, and that no payment had been made to plaintiff by either the Relief Department or by the defendant company, judgment is demanded against the defendant railroad company for $1000, together with interest at the rate of six per cent per annum from and after March 6, 1910, and for her costs.

Defendant filed an amended answer to this, which was demurred to and the demurrer overruled. Thereupon the defendant filed its second amended answer to the petition. In this answer, admitting that it was a corporation engaged in operating a railroad through Audrain county, Missouri, and that plaintiff was the wife of Marvin Matthews, and that he died from in-

juries received by him, the answer denies all the allegations in the petition except as thereinafter admitted. It is then pleaded, in substance and confining ourselves to the most material allegations, that plaintiff ought not to recover because at the time of the death of her husband, the defendant had been engaged in the operation of several thousand miles of railroad for which purpose it was compelled to and did employ several thousand men; that the work of operating a railroad is hazardous to life and limbs of employees, and that because of the high rate of premiums charged railroad employees by insurance companies, it is practically beyond the means of the employees to obtain insurance in such companies; that for the purpose of furnishing aid and relief to its employees and their families, in the event of sickness, injury or death, defendant had established the Relief Department referred to in the petition, of which Matthews was a member while an employee of the Hannibal & St. Joseph Railroad Company, as well as afterwards while an employee of defendant, being a member of the second class; that he accepted all the conditions of membership in the Relief Department and by virtue of such membership became and was entitled to receive the sum of two dollars a day for such time as he might be disabled on account of sickness, and in case of his death, his widow would become entitled to receive the sum of $1000, if, after his death, she elected to accept the same and thereby released the defendant from any liability on account of the death of her husband, or that plaintiff, as such widow, was entitled to elect to refuse the above-mentioned death benefit and to take in lieu thereof a cause of action at law against the defendant for damages arising from the death of her husband, but that under the regulations of the Relief Department she could not take both, it being provided that if she refused to accept the death benefit and brought suit against the defendant on her cause of action for the death of her husband, by virtue of the suit, she waived any right she might otherwise have to thereafter accept, receive or recover on the

death benefit from the Relief Department. Averring that defendant operated this Relief Department in accordance with the terms of the contract, and that the fund was created by the voluntary contributions of members and by interest to be paid into it by defendant on balances in the fund in its hands, it is averred that the defendant guaranteed the sufficiency of the fund to pay all disability and death benefits which might accrue in favor of the members and their families and became liable to pay these benefits out of its own treasury to make up deficiencies in the Relief Fund, if any should occur; it is further averred that defendant became responsible for all monies belonging to this Relief Department, as also to pay interest thereon into the fund, and to maintain and operate that department at its own expense, all of which duties it performed, as it is averred. Averring that the husband of plaintiff came to his death while in the employ of defendant, on February 26, 1906, as stated, it is averred that by virtue of the contract between the husband of plaintiff and its Relief Department, plaintiff became entitled to elect which of two things she would do, that is to say, to refuse to receive the death benefit of $1000 from the Relief Fund and to prosecute an action at law against defendant for damages on account of the alleged wrongful death of her husband, or she became entitled to elect to receive and accept the death benefit and thereby release the defendant from any cause of action she might have against it for damages on account of the death of her husband; that long after plaintiff became entitled to elect, to-wit, about May 17, 1906, and within six months after the death of her husband, plaintiff made her election and refused to accept the death benefit of $1000 and elected to prosecute her cause of action against defendant for damages on account of the death of her husband; that the election was made after defendant had tendered the plaintiff the death benefit and her refusal to accept the same. The plaintiff further evidenced her election, it is averred, by filing the action referred to by her on

May 17, 1906; that the action resulted in a verdict in favor of plaintiff in the sum of $9000; that when this judgment was rendered against defendant, it appealed to the Supreme Court of this State, which body reversed and set aside the judgment on March 1, 1910, the opinion in which cause being reported under the title of Isabella Matthews. v. Chicago, Burlington & Quincy R. R. Company and Stone, 227 Mo. 241, 126 S. W. 1005; that in the defense of that action defendant had paid out of its own treasury the sum of $1000 by way of attorney's fees, printing and other expenses. It is further averred that during the time plaintiff's husband was a member of the Relief Department, defendant, in pursuance of its contract with him, had paid out in operating it $75,000 per annum out of its own treasury and not out of the Relief Fund, and in addition thereto furnished at its own expense all the office room for the general offices of the Relief Department and its numerous branches, the expense amounting to many thousands of dollars per annum, and that prior to plaintiff's membership it had paid benefits to the amount of over $42,000 because of the insufficiency of the Relief Fund proper. It is also averred that this money so paid by defendant out of its own treasury and its guarantee of the contract with plaintiff constituted valuable considerations flowing directly from defendant to plaintiff's husband and to plaintiff herein in support of the contract between defendant and plaintiff's husband in relation to his said membership in its Relief Department, which contract was constituted and evidenced by plaintiff's accepted application for membership and the regulations of the Relief Department. Wherefore, the answer concludes, that by virtue of plaintiff's refusal to accept said death benefit when so tendered to her, and by reason of her act in filing and prosecuting a suit at law against defendant on a cause of action for the alleged wrongful death of her husband, plaintiff had elected to waive and thereby forever did waive and forfeit any right to recover from the Relief Fund and Relief Department of this defendant the sum of $1000, or any

other sum as a death benefit on account of the death of her husband, and defendant pleads such waiver and forfeiture in bar of any recovery herein.

To this second amended answer plaintiff demurred on the ground that the matters and things set out therein did not constitute a valid defense to her cause of action. The demurrer was overruled and plaintiff refusing to plead further, judgment went in favor of defendant, from which plaintiff has duly perfected her appeal.

REYNOLDS, P. J. (after stating the facts).—We have set out the answer with perhaps unnecessary fullness, and we do so to give the defendant the full benefit of exhibiting its claimed equities. The appellant has included in her abstract the first amended answer of the defendant, in which defendant admitted that it was a corporation operating its railroad through Audrain county, Missouri, and that it then owned and was operating its railroad through portions of the State of Illinois and other States of the United States, that of course meaning that it was engaged in Interstate Commerce and so amendable to the Acts of Congress. This is not in the second amended answer, which is the only one we can consider on this demurrer. As we are remanding the case, we think it not improper to call attention to this so that it can be made clear by amended pleadings or stipulation, if it is desired to appeal to the Federal Employer's Liability Law. As to whether this case comes under that law we now express no opinion.

The principal question involved in this case is practically indentical with that which was before the Kansas City Court of Appeal in Hartman v. Chicago, B. & Q. R. R. Co., not yet officially reported but see 182 S. W. 148. In that case it was argued that this defendant and its employer were at the time of the accident engaged and employed in interstate commerce. As we have said, that question is not now before us.

That court further there held that under the general law, irrespective of Congressional legislation, and following the thought thrown out by Judge CALDWELL, in Chicago, B. & Q. R. R. Co. v. Miller, 76 Fed. Rep. 439, 1. c. 443, that like contracts "must ultimately be so declared by all courts," that the contract under consideration, "to the extent that the relief contract seeks to provide in advance for the release of the defendant from the legal consequences of its future wrongs, it will be held unconscionable, and therefore nonenforceable, regardless of whether or not it has the support of a consideration moving from the defendant to the plaintiff."

So also the Supreme Court of Nebraska held in its opinion on a motion for rehearing in Chicago, B. & Q. R. R. Co. v. Realy, 76 Neb. 786, reversing the original opinion to the contrary, which is in the same volume, commencing at page 783. See also note to the opinion on rehearing in the Healy case in 10 L. R. A. (N. S.) 198.

Without further discussion of the case or of the points so ably briefed and argued by the respective counsel, we refer to the decision of the Kansas City Court of Appeals, in Hartman v. Chicago, B. & Q. R. R. Co., supra, for our view of the law here applicable.

It follows that the action of the learned circuit court in overruling appellant's demurrer to the second amended petition and in dismissing plaintiff's action is reversed and the cause remanded for such further proceedings as may be taken in line with what we have here determined. *Nortoni* and *Allen, JJ.,* concur.

## OPINION ON MOTION FOR DIRECTION OF JUDGMENT.

PER CURIAM.—After the filing of our opinion in this case, reversing the judgment of the circuit court for error in overruling a demurrer to the second amended answer and remanding the cause to that court for further proceedings, the appellant has filed a motion asking us to modify that opinion reversing the

judgment of that court and remanding the cause, and to direct that court to enter up a judgment in favor of plaintiff for the amount sued for, that is $1000, with interest thereon from the date of the commencement of the action.

While the answer, after making certain admissions of formal matters, does aver that defendant "denies each and every other allegation in plaintiff's petition contained except such as may be hereinafter admitted," as stated in the opinion, the admissions and averments are to the effect that the husband of appellant was a member of the Relief Department referred to in the opinion, in good standing at the time of his death, and it seeks to avoid liability under the provisions of the sixty-third regulation, also set out in the opinion, pleading that plaintiff is bound by that, and that, under it, she cannot recover against the Relief Fund, she having knowingly brought suit for damages for the death of her husband. Practically this is a plea of confession and avoidance. As all the facts are set out in this answer upon which the defense is founded, and as we have found that defense unavailable, there is nothing left in the defendant's case.

Appellant's motion is accordingly sustained, and the order of our court now is, that the judgment of the circuit court sustaining the demurrer to the amended answer of defendant is reversed and the cause remanded to that court with directions to sustain the demurrer to the second amended answer and to enter up a judgment upon the pleadings in favor of the appellant, plaintiff below, for the sum of $1000, with interest thereon at 6 per cent per annum from the date of the commencement of the action, to-wit, November 18, 1910, and awarding costs to appellant. All concur.