## HOUSER v. WEST.

[ 65 Pac. 82.]

BOND—CONTEMPORANEOUS ORAL AGREEMENTS.

1. An action was brought by plaintiff, as sheriff, on an indemnifying bond, which was subsequently dismissed as to the sureties, and continued against the principal. Defendant denied that the plaintiff demanded indemnity prior to the levy, and also denied all transactions alleged prior to the giving of the bond and its conditions, and claimed that plaintiff was not entitled to recover thereon for want of consideration, in that the bond was executed after the levy and sale of the property. *Held* that, under such issues, evidence that prior to the execution of the bond plaintiff had demanded indemnity, and defendant had deposited county scrip with plaintiff as security, but subsequently took it up, and substituted the bond was not objectionable on the ground that it tended to establish contemporaneous agreements leading up to the giving of the bond on which the recovery was sought.

GRANTING OR REFUSING NEW TRIAL IS DISCRETIONARY.

2. A motion to set aside a verdict and grant a new trial is addressed to the discretion of the trial court absolutely, and no appeal ever lies from the ruling thereon.

From Umatilla : STEPHEN A. LOWELL, Judge.

This action was originally instituted by Zoeth Houser against Peter West and others to recover upon a bond given to the plaintiff, as sheriff, by defendant and his sureties, to indemnify him against any liability that he might incur in selling two stacks of wheat hay at the request and by the direction of defendant, under an execution issued by his direction against the property of Charles Campbell. After levy, Campbell's wife claimed the property ; whereupon plaintiff demanded indemnity, and the bond sued on was eventually given. The property was sold pursuant to the execution, and the proceeds paid to defendant. Subsequently, Mrs. Campbell sued the plaintiff, and recovered judgment for the value of the

property, which he satisfied, and this action is prosecuted
for his reimbursement.   Three trials of the cause have
been had.  At, or prior to the second, the action was dis-
missed as to the sureties, and left to proceed against West,
who denied that the levy was made in pursuance of his di-
rection, plaintiff's allegations of his refusal to sell unless
indemnified, the agreement to indemnify, the giving of
the undertaking, and the conditions set out.  And, as a
separate defense, he avers that he directed the plaintiff to
levy upon two certain stacks of wheat hay upon the west
half of the northwest quarter of section 14; that the
plaintiff levied thereon in accordance with instructions,
and sold them under the writ,— all prior to the giving
of the undertaking, which, when executed, was without
consideration and void.  The reply admits the sale of the
property before the execution of the undertaking, but
alleges that West, at the request of the plaintiff for in-
demnity, first deposited county scrip therefor, but sub-
sequently withdrew it, and gave the undertaking in its
stead.   There was a judgment for plaintiff, from which
West appeals.                              AFFIRMED.

For appellant there was a brief and an oral argument
by *Mr. Peter West, in pro. per.*

For respondent there was a brief and an oral argument
by *Mr. Marion A. Butler.*

MR. JUSTICE WOLVERTON, after stating the facts, deliv-
ered the opinion of the court.

The errors relied upon for reversal are four in number :
(1) The admission of evidence having a tendency to estab-
lish prior and contemporaneous agreements between the
parties to. the action; (2) the overruling of the appel-
lant's motion for an instruction to the jury to return a

verdict for him ; (3) the overruling of his motion for a
new trial; and (4) the overruling of his motion for judg-
ment in his favor notwithstanding the verdict.

1. In the course of the trial much testimony was
offered by the plaintiff, and admitted over objection, de-
tailing circumstances and transactions leading up to the
execution of the bond, from which it was elicited that,
upon demand therefor, West deposited some county scrip
with plaintiff under an agreement that the same should
be held as security against liability, but subsequently
took it up and substituted the bond. The objection to
this testimony now insisted upon is that it details the
conversations and negotiations had leading up to the
giving of the undertaking, and consequently tends to
establish previous and contemporaneous understandings
and agreements other than the undertaking upon which
recovery is sought. The manner of inquiry, however,
was but a natural outgrowth of the issues tendered.
There was a denial that plaintiff required indemnity, and
of all the alleged transactions leading up to and even of
the giving of the undertaking itself and its conditions, so
that it became essential to establish all these matters by
proof; and, while the testimony produced may have had
a tendency to show that prior and contemporaneous agree-
ments had been arrived at, they were all by way of in-
ducement, and terminated in the obligation sued upon.
A circumstance relied upon in reinforcement of the objec-
tion is that near the close of the trial, and while the testi-
mony was being taken, the plaintiff's counsel made a
statement to the effect that they were not relying on the
bond at all, and only sought to introduce its contents for
the purpose of proving the contract between plaintiff and
West. Counsel, however, explains the language as in-
tended to convey the idea of a waiver of the bond in so

far as it concerned the sureties only. It may be recalled, in this connection, that the action at a former trial had been dismissed as to the sureties, and the pleadings somewhat remodeled. Furthermore, the bond had been lost, and the plaintiff was seeking to prove its contents, so that counsel's explanation is in accord with their apparent theory of the case as it stood at that stage of the controversy. In this view there would seem to have been no waiver of the bond as the foundation of the action against West by the language employed. We do not think, therefore, the objection is well taken.

The motion by which it was sought to have the court instruct the jury to find a verdict for the defendant is based upon the circumstance that one of plaintiff's witnesses testified that the property sold under the execution was upon the west half of the southeast quarter of section 14, instead of upon the west half of the northwest quarter, where the property was located upon which the defendant directed the plaintiff to levy. There was ample evidence in the record, however, from which the jury could conclude that the property levied upon and sold was the same that the defendant directed to be seized for the satisfaction of the execution, and the jury having passed upon the matter precludes further inquiry.

2. The third assignment involves a motion to set aside the verdict and for a new trial. The propriety of granting such a motion rests within the sound discretion of the trial court, and its judgment with reference thereto is not reviewable here. This has been held so often that it is only necessary now to state the rule without further elaboration.

The motion for judgment notwithstanding the verdict must necessarily be based upon the pleadings. All that is urged in that connection is that the complaint does not

state a cause upon the oral contract. It is sufficient, however, counting upon the bond or undertaking, to support the judgment, and the motion is therefore without merit.

AFFIRMED.

Decided 17 June, 1901.