(35 Misc. Rep. 293.)

### RUSSELL v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   June, 1901.)

PERSONAL INJURIES—DAMAGES—EVIDENCE.

    Where plaintiff, in an action to recover for injuries received, alleges that she was prevented from attending to her duties as a manufactory employé, evidence as to the amount of wages earned by her was admissible.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Louise T. Russell against the Metropolitan Street-Railway Company.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

G. Glenn Worden, for appellant.

Hill, Sturcke & Andrews, for respondent.

PER CURIAM.   There was a sharp conflict of evidence as to how the accident to the plaintiff happened.   She and her sister both swear that the plaintiff had started to board the car, which was an open one, and had gotten on to the running board or step with both feet, holding the stanchion with one hand, before the car began to move.   If this be so, the conductor should have given her time to reach a place of safety before starting the car.   It is true that the plaintiff's story is supported only by herself and her sister, while the defendant's theory, that she attempted to board the car after it had started, is supported by two apparently disinterested passengers, in addition to the conductor.   The witnesses for the defense are not altogether agreed as to the details of the occurrence, while the plaintiff and her sister tell consistent stories, and are not in the least shaken on cross-examination.   We see no reason to reverse the justice's determination on the facts.   The plaintiff was allowed to testify how much she earned as wages.   The defendant objected on the ground that she had not sued for loss of wages. Her complaint alleges that she "was prevented from attending to her duties as a manufactory employé."   We think that this was equivalent to an allegation that she suffered a loss of wages.

Judgment affirmed, with costs.