GEORGE NEEL, Respondent, v. W. H. RYUS et al., Appellants.

Springfield Court of Appeals, July 7, 1910.

1. **PLEADING: Amendments: Practice.** After a jury had been sworn and plaintiff presented his first witness, defendant objected to the introduction of evidence because the petition did not state facts sufficient to constitute a cause of action; whereupon plaintiff asked and was granted leave to amend the petition by interlineation. *Held*, that it was proper under the statute to permit the amendment and if defendant was not ready to meet the issue by the amendment he should have taken the steps required by the statute and failing to do so, he is precluded from challenging the court's action in permitting the amendment.

2. ————: **Damages: Personal Injuries: Loss of Time.** In a suit for damages for personal injuries the petition contained the allegation that "plaintiff was and is by reason of said injuries wholly disabled from working at his trade and will so continue until such time as may be necessary for his wounds and injuries to heal." *Held*, sufficient to authorize the plaintiff to recover for loss of time.

3. **MASTER AND SERVANT: Personal Injuries: Negligence: Sufficiency of Evidence.** Plaintiff while working as a carpenter in building a platform under a brick wall that was being constructed by his employers, was injured by a part of the wall falling upon him. It appeared by the evidence that after the accident one of his employers declared that the wall fell because it was not properly tied and that he knew it was dangerous. *Held*, sufficient to take the case to the jury on the question of the master's negligence.

4. **PERSONAL INJURIES: Contributory Negligence: Warning of Danger: Injury from Other Cause.** Plaintiff while working as a carpenter in constructing a platform under a brick wall that was being erected by his employers, was injured by a part of the wall falling upon him. The evidence showed that he had been warned by the brick layers to keep out from under the points where they were working, that there was danger of their dropping bricks upon him. *Held*, that had plaintiff been hit by a brick falling from the hands of a workman, his contributory negligence would have barred a recovery, but that the testimony did not show that plaintiff knew or by the exercise of or-

dinary care could have known that the wall was dangerous and likely to fall and that as to the injury received plaintiff was not guilty of contributory negligence.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*M. R. Lively* for appellants.

(1) The court erred in overruling defendants' demurrer in the nature of an instruction at the close of plaintiff's testimony. Chaney v. Railroad, 176 Mo. 598; Halloway v. Kansas City, 184 Mo. 19; Warner v. Railroad, 178 Mo. 125; Asphalt & Granitoid Construction Co. v. Transit Co., 102 Mo. App. 469; Deckerd v. Railroad, 111 Mo. App. 117; McGrath v. Transit Co., 197 Mo. 105; Dorrell v. Sparks, 127 S. W. 103; McCarthney v. Ins. Co., 45 Mo. App. 373; Hedrick v. Railroad, 195 Mo. 123; Glasscock v. Swofford Bros., 106 Mo. App. 657. (2) The court erred in giving instruction No. 4 asked by plaintiff for the reason that it submits to the jury the issue of "loss of time" which is not supported by the pleadings and not authorized by the pleadings and competent evidence. Coontz v. Railroad, 115 Mo. 674; Mellor v. Railroad, 105 Mo. 455; Palmer v. Railroad, 127 S. W. 101; St. Louis v. Kansas City, 110 Mo. App. 653; Lowenstein v. Railroad, 110 Mo. App. 686; Briscow v. Metropolitan Co., 118 Mo. App. 668.

*Clay & Davis* for respondent.

(1) Under section 657, R. S. 1899, it is discretionary in trial courts to permit amendments to be made at any time before final judgment, in furtherance of justice, and on such terms as may be proper, of any pleading by inserting other allegations material to the case. Carr v. Moss, 87 Mo. 447; Corrigan & Waters v.

Bradey, 38 Mo. App. 649; Thompson v. Cohen, 127 Mo. 225. And this discretion will not be interfered with on appeal, unless it has been abused. Ensworth v. Barton, 67 Mo. 622; Collins v. Glass, 46 Mo. App. 297; Wilkerson v. Sampson, 56 Mo. App. 276; Tower v. Pauly, 67 Mo. App. 632. (2) It is insisted by appellant that the allegation of the petition as to loss of time is too general to admit evidence in support thereof, and the authorities cited by appellant standing alone would seem to support the contention of appellant, but when examined in connection with Smith v. Railroad, 119 Mo. 246; Britton v. St. Louis, 120 Mo. 437; Gurley v. Railroad, 122 Mo. 141; Gerder v. Iron & Foundry Co., 124 Mo. 347; Brake v. Kansas City, 100 Mo. App. 611; and Wilbur v. Railroad, 110 Mo. App. 689, it will be seen that they are not authority in support of appellant's contention.

GRAY, J.—June 6, 1908, this action was instituted in the Jasper county circuit court for damages for personal injuries alleged to have been sustained by the plaintiff while employed by the defendants, in working and performing carpenter work for them on a platform adjoining a building in the city of Joplin, then being constructed by the defendants on contract.

The defendants were engaged in erecting a brick building in the city of Joplin, about 125 or 150 feet in length. At the time complained of, the east wall was under construction and was all finished to within twenty or thirty feet of the north end, and defendant's employees were engaged in finishing the work on the north end of the east wall at the time of the alleged accident. The plaintiff was engaged in laying heavy boards on a platform immediately adjoining the building on the east. This platform was about ten feet wide and extended along the full length of the building on the east

side, and was but a few feet from the ground. The construction of the platform was also a part of the contract of the defendants for the erection of the building, and plaintiff was engaged as a servant of the defendants working on the platform. While he was at work, a part of the wall then being constructed, fell upon him, fractured his skull and otherwise injured him.

The petition alleges that the wall was carelessly and negligently erected and constructed, and was unsafe and dangerous and that the defendants had knowledge thereof, or could have had knowledge thereof by the exercise of ordinary care and diligence, and that a portion of said wall, by reason of the negligent construction and erection thereof, fell upon the plaintiff and injured him.

The answer was a general denial and a plea of contributory negligence. The trial was before a jury, resulting in a verdict in favor of the plaintiff for $250, upon which, in due time, judgment was rendered and the defendants, after an unsuccessful effort to secure a new trial, have appealed to this court.

After the jury had been sworn to try the case, and when plaintiff called his first witness, the defendants objected to the introduction of any testimony, for the reason that the petition did not state facts sufficient to constitute a cause of action. Whereupon the plaintiff asked and was granted permission to amend his petition by interlineation. The action of the court in permitting the amendment is assigned as error. The statute permits amendments and if the defendant is not ready to meet the issues as made by the amendment, the statute also points out the steps for him to take. Appellants did not take the steps required by the statute, and therefore, are precluded from challenging the court's action in permitting the amendment.

The appellants complain that the court committed error in permitting the plaintiff to offer testimony of loss of time, and that the court also erred in permitting

the recovery of such damages by instructions given. The petition alleges: "Plaintiff was and is by reason of said injuries, wholly disabled from working at his trade and will so continue until such time as it may be necessary for his wounds and injuries to heal."

Coontz v. Railroad, 115 Mo. l. c. 674, 22 S. W. 572, sustains appellants' contention, but the later cases, Gurley v. Railroad, 122 Mo. 141, 26 S. W. 953; Smith v. Railroad, 119 Mo. 246, 23 S. W. 784; Wilbur v. Railroad, 110 Mo. App. 689, 85 S. W. 671; Keen v. Railroad, 129 Mo. App. 301, 108 S. W. 1125, hold the allegation sufficient to authorize the plaintiff to recover for loss of time.

There are some other objections to the action of the court relating to the damages, but the evidence shows that the plaintiff's skull was fractured, and the jury only allowed him $250. Certainly the verdict was exceedingly moderate, and under the facts we do not feel justified in disturbing the verdict even though we should find some technical error may have been committed by the court in the introduction of testimony relating to plaintiff's damages. [Panos v. American Car & Foundry Co., 126 S. W. 815.]

It is next insisted that the court should have sustained the demurrer to the evidence at the close of plaintiff's case. The plaintiff testified that he was at work on the platform, and while so engaged, a part of the brick wall then being constructed fell upon him. The bricklayers were finishing the north end of the east wall, and it was this part of the wall that fell and injured the plaintiff. One of the defendants was upon the building and observed the manner in which the work was being done, and plaintiff's testimony shows that after the accident he declared that the wall fell because it was not properly tied, and that he knew it was dangerous; that he also declared "they got in a big hurry and didn't have it properly tied." This testimony was sufficient to take the plaintiff's case to the jury.

The defendant offered testimony to the effect that they notified the plaintiff to watch the bricklayers and not to work under them, as there was danger; also that during the afternoon the bricklayers repeatedly notified plaintiff to keep out from under the place where they were laying brick, as bricks were liable to fall upon them; also testimony that just before the plaintiff was injured defendants' foreman notified him to gather up his tools and get on the inside of the building.

The evidence shows that during the afternoon, a very strong wind came up and was blowing so hard that it was with great · difficulty the men performed their work.

Having decided that plaintiff's case was one for the jury, and that no errors were committed in the introduction of testimony, the judgment must be affirmed, unless there is substantial error against the appellants found in the instructions.

The instructions given in behalf of the plaintiff required the jury to find the employment of the plaintiff, the exercise of ordinary care on his part; that the wall was carelessly and negligently constructed, and by reason thereof, fell upon the plaintiff and caused his injuries.

In behalf of the defendant, the court gave an instruction that if the wall was caused to fall by reason of the strong wind and not by the negligence of the defendants, plaintiff was not entitled to recover; that defendants were only charged with the exercise of ordinary care, and if the jury found that defendants exercised ordinary care in the construction and erection of the north end of the east wall of the building, and employed bricklayers ordinarily skilled and careful in their labor, and furnished the class and character of bricks and mortar ordinarily used for such purposes, then they were not liable; also it was not enough for the plaintiff to prove that the wall fell and injured him, and such fact alone

was not sufficient to establish negligence, but before the plaintiff could recover, he must prove by the greater weight or preponderance of the evidence, that the defendants were guilty of negligence, and that such negligence was the proximate cause of the injury complained of.

In addition to the above, the following instruction was given: "You are instructed that if you find and believe from the evidence that plaintiff worked under and near the wall mentioned in evidence, and at a point even with the place where the bricklayers were laying bricks on the north end of said wall, and that said place was an unsafe place in which to work, under all the facts and circumstances shown in evidence, and if you further believe from the evidence that plaintiff was ordered, before the accident, to get out of the way and to quit working at said point, and that said place was dangerous, and that he refused to go within a reasonable time and remained there and was thereafter injured, and that his injuries were caused by his negligence in remaining in said place after such instructions and orders to leave, if you find he was so ordered, then the plaintiff cannot recover and you should find the issues for the defendants in this case."

In appellant's abstract of the record, six refused instructions are set forth (numbered from 14 to 19 inclusive), and in this court he complains of the action of the court in refusing each of said instructions. Instructions Nos. 14 and 18 are fully covered by instruction No. 7 given for the defendant. No. 15 correctly told the jury that if they found from the evidence that plaintiff was notified at noon before the accident that in working on the platform he must not work directly under the bricklayers, and the plaintiff after being so notified, did work under the bricklayers, then he was guilty of contributory negligence, and could not recover. [Athens Cotton Oil Co. v. Clark, 126 S. W. 322; Matthews v. Railroad, 126 S. W. 1005.]

But the instruction also submitted another proposition to the jury, as follows: "The court instructs the jury that if you believe from the evidence that the plaintiff carelessly and negligently worked under and near said wall, and even with the bricklayers laying bricks on the north end of the east wall of the building testified to by the witnesses, and that the plaintiff could have seen or known that such bricklayers were at work, and that said place was an unsafe place in which to work."

It will be noticed that the instruction did not submit to the jury whether the plaintiff could have, by the exercise of ordinary care, seen or known that the bricklayers were at work, and that the place was unsafe, but submits the question to the jury that if under any circumstances he could have seen or known those facts. This is not the law. The instruction did not require the jury to find that the plaintiff's carelessness in working under the wall was the cause of his injury. There was testimony that the only danger of working under the wall was from bricks which the bricklayers might accidentally drop while handling them.

Refused instruction No. 17 is almost a copy of given instruction No. 11. Instruction No. 19 was rightfully refused because it did not limit plaintiff's conduct to the exercise of ordinary care. And furthermore, the jury were told by this instruction, "if the plaintiff carelessly and negligently worked under the bricklayers, as heretofore stated." If there was danger of bricks falling from the hands of the bricklayers, and plaintiff knew this fact, or by the exercise of ordinary care might have known it, and with this knowledge he worked under the bricklayers and a brick had fallen upon him, he could not have recovered. But there is no testimony in the case that the plaintiff knew or. by the exercise of ordinary care might have known that the wall being constructed by the bricklayers, was going to fall, and there is no evidence in the case that such walls, when being properly constructed, are likely to fall and injure persons work-

ing under them. The bricklayers who testified that they told the plaintiff to keep out from under the points where they were working, testified that the danger from working under them was that they might accidentally drop bricks.

All things considered, we believe defendants had a fair trial and that the judgment should be affirmed. All concur.