Argued April 11, reversed May 9, 1916.

## BERTIN & LEPORI *v.* MATTISON.

(157 Pac. 153.)

**Judgment—Against One of Several Coparties—Release of Other Defendants.**

1. Under Sections 61, 180, 181, L. O. L., as to proceedings severally against defendants jointly liable, in a suit against principal and sureties, where there is a verdict against one surety only, and dismissal for that reason as to the principal and other surety, the surety against whom verdict is rendered is not entitled to judgment notwithstanding the verdict because released by discharge of his principal and cosurety.

**Judgment—Notwithstanding Verdict.**

2. Under Section 202, L. O. L., as to judgment notwithstanding the verdict, a motion therefor must be based on the pleadings.

[As to right of court to go beyond the pleadings in disposing of a motion for judgment notwithstanding the verdict, see note in Ann. Cas. 1913A, 1023.]

From Clatsop: JAMES A. EAKIN, Judge.

Department 1. Statement by MR. JUSTICE BUR-
NETT.

The Bertin & Lepori corporation declares against
N. Mattison, Martin Franciscovich and Paul Bakotich
to the effect that they executed their promissory note
whereby they agreed to pay the plaintiff a certain
amount of money with interest and attorney's fee;
that the note has not been paid, and so much is due;
and that a specified amount is a reasonable attorney's
fee. Except the corporate character of the plaintiff,
all the complaint is denied by the answer filed by
Franciscovich and Bakotich. They further say in
substance that about March 12, 1909, the defendant
Mattison was indebted to plaintiff in the sum of
$579.60; that at that time one Cordano represented to
them that it would aid him in settling up some busi-
ness on his part with the plaintiff if the answering
defendants would sign as sureties only a certain
promissory note which had been executed by Matti-
son in favor of plaintiff in the sum mentioned; and
that if they would do so, he would guarantee not to
deliver it to the plaintiff, but would in any event re-
turn it to them. They conclude by saying that the
instrument there described is the one sued upon, and
that it was never delivered to the plaintiff.

The reply traverses all the new matter in the an-
swer. As the result of a jury trial the following ver-
dict was rendered:

"We, the jury duly impaneled and sworn in the
above-entitled case, hereby find for the plaintiff,
Bertin & Lepori, and against the defendants, Martin
Franciscovich, in the sum of $194.60, with interest
thereon at the rate of 6 per cent per annum from the

12th day of March, 1909, and for the further sum of
$50.00 attorney's fee."

The defendants Bakotich and Mattison moved for
and were allowed judgment in their favor against the
plaintiff, dismissing the action and for costs, on the
ground that, legally construed, the verdict was in
favor of themselves.  Upon the allowance of this mo-
tion, Franciscovich moved the court for judgment in
his favor and against the plaintiff, notwithstanding
the verdict of the jury, alleging as grounds, in sub-
stance, that the testimony at the trial revealed that
he was only a surety upon the note with the defend-
ant Bakotich, upon which Mattison was the principal,
the two latter of whom having been discharged, he
himself was released as a matter of law.  The court
allowed this motion and rendered judgment likewise
for the defendant Franciscovich *non obstante vere-
dicto.*  The entry of this judgment is the only error
assigned on the appeal, which is prosecuted by the
plaintiff.                                      REVERSED.

For appellant there was a brief over the names of
*Mr. M. B. Meacham* and *Mr. C. W. Mullins,* with an
oral argument by *Mr. Meacham.*

For respondents there was a brief and an oral argu-
ment by *Mr. George C. Fulton.*

MR. JUSTICE BURNETT delivered the opinion of the
court.

1. The verdict was a possible one according to the
pleadings.  Under the general issue it may have been
that the plaintiff failed to prove the signatures of
Mattison and Bakotich, but succeeded in establishing
that of Franciscovich.  On the controversy between

the new matter of the answer and the reply it is plausible that Cordano made the representations mentioned to Bakotich, but not to Franciscovich. Under those circumstances it was allowable for the jury to find against the defendant, who was shown to be liable, and in favor of the others. Section 61, L. O. L., reads thus:

"When the action is against two or more defendants, and the summons is served on one or more, but not all of them, the plaintiff may proceed as follows:

"1. If the action be against defendants jointly indebted upon a contract, he may proceed against the defendants served, unless the court otherwise direct; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendant served, and if they are subject to arrest, against the persons of the defendants served; or,

"2. If the action be against the defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants;

"3. If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant,‒ or defendants, if the action had been against them, or any of them alone."

Sections 180 and 181, L. O. L., here follow:

"Judgments may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves."

"In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, whenever a several judgment is

proper, leaving the action to proceed against the others."

These enactments superseded the common-law rule that in an action on an alleged joint contract, recovery must be had against all the defendants or none, so that in such litigation the plaintiff may now recover from those defendants against whom he is able to establish his case, although he is compelled to loose his hold upon the others from whom he seeks to recover: *Hamm* v. *Basche,* 22 Or. 513 (30 Pac. 501); *Tillamook Dairy Assn.* v. *Schermerhorn,* 31 Or. 312 (51 Pac. 438); *Hayden* v. *Pearce,* 33 Or. 89 (52 Pac. 1049). In *Stivers* v. *Byrkett,* 56 Or. 565, 572 (108 Pac. 1014, 109 Pac. 386, 387), Mr Justice EAKIN, reviewing the authorities, says:

"It is not necessary to review. or cite these cases here, but we find that the great weight of authority and the better reasoning is that the judgment against joint or joint and several debtors, if void as to one, is not necessarily void as to those judgment debtors who were within the jurisdiction of the court"—citing authorities.

The opinion speaks also of some precedents holding that such a determination is merely erroneous, and would be reversed on appeal as to all the defendants, and others that it would be reversed only as to the party over whom the court had no jurisdiction. But the statute sets the matter at rest, so that by legislative authority a plaintiff may recover judgment against those whom he has shown to be liable, while others he sought to charge may escape.

2. It will be noted that the motion of Franciscovich was not for a new trial, but for judgment, notwithstanding the verdict. Issue had been joined between him and the plaintiff, and the jury after hearing the

testimony had decided the fact against him. Section 202, L. O. L., reads thus:

"When it appears from the pleadings that the court has not jurisdiction of the subject of the action or the person of the defendant, or that the facts stated in the pleadings of the plaintiff or defendant, as the case may be, do not constitute a cause of action or defense thereto, and that such objection had not been taken by demurrer or answer, on motion the judgment entered shall be set aside at the motion of plaintiff or defendant, as the case may be, and another judgment rendered accordingly, as the case may require."

Before the legislation of 1907, requiring the judgment to be entered immediately upon the reception of the verdict, the section read as follows:

"When it appears from the pleadings that the court has not jurisdiction of the subject of the action or the person of the defendant, or that the facts stated in the pleadings of the plaintiff or defendant, as the case may be, do not constitute a cause of action or defense thereto, and that such objection has not been taken by demurrer or answer, on motion judgment shall be given for the plaintiff or defendant, as the case may be, notwithstanding the verdict or decision": B. & C. Comp., § 202.

The remedy allowed by this section in either form is based solely upon the state of the pleadings, and not upon the construction of the evidence. The question was considered in *Slocum* v. *New York Life Ins. Co.*, 228 U. S. 364 (Ann. Cas. 1914D, 1029, 57 L. Ed. 879, 33 Sup. Ct. Rep. 523). Mr. Justice VAN DEVANTER quotes with approval Smith's Action at Law (12 ed.), page 147, thus:

"A motion for judgment *non obstante veredicto* is one which is only made by a plaintiff. * * It is given when, upon an examination of the whole pleadings, it appears to the court that the defendant has admitted himself to be in the wrong, and has taken issue on

some point, which, though decided in his favor by the jury, still does not at all better his case. A motion 'in arrest of judgment' is the exact reverse of that for judgment *non obstante veredicto*. The applicant in the one case insists that the plaintiff is entitled to the judgment of the court, although a verdict has been found against him. In the other case, that he is not entitled to the judgment of the court, although a verdict has been delivered in his favor. Like the motion for judgment *non obstante veredicto*, that in arrest of judgment must always be grounded upon something apparent on the face of the pleadings."

It is said in *Houser* v. *West*, 39 Or. 392, 395 (65 Pac. 82, 84):

"The motion for judgment notwithstanding the verdict must necessarily be based upon the pleadings."

It will not do to say that because the answering defendants signed as sureties, the release of one will discharge the other, because having thus executed the note they are, so far as the plaintiff is concerned, primarily liable for the same under the negotiable instruments law: *Cellers* v. *Meachem*, 49 Or. 186 (89 Pac. 426, 13 Ann. Cas. 977, 10 L. R. A. (N. S.) 133); *Lumbermen's National Bank* v. *Campbell*, 61 Or. 123 (121 Pac. 427); *Murphy* v. *Panter*, 62 Or. 522 (125 Pac. 292). Even supposing they had written the word "Surety" after their names, they are none the less primarily and jointly liable to the payee, and like any other parties thus bound may be treated in the manner provided for in the sections of the code above quoted. Under such circumstances the matter of suretyship affects only the relations between themselves and the principal debtor. As to the payee they are all liable as principals, and he may recover from any one or less than the whole number of them against whom he may be able to prove his claim. The court

was in error in disregarding the verdict of the jury and assuming to render the judgment entered.

The action of the Circuit Court is reversed and the cause remanded, with directions to enter a judgment in favor of the plaintiff and against the defendant Franciscovich. We do not decide whether it was a mistake to enter judgment for the other defendants, for that is not within the assignment of error.

REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.