Argued December 2, affirmed December 20, 1927.

# S. BERNSTEIN ET AL. *v.* JOSEPH A. BERG ET AL.

(262 Pac. 247.)

**Judgment—Plaintiff's Motion for Judgment Notwithstanding Verdict Held Properly Denied, Where There was Issue for Jury Under Pleadings (Or. L., § 202).**

In action for damages for loss of profits by reason of interference with right to possession of moving picture theater, in which there was issue under pleadings, relative to question of damages, for submission to jury, denial of plaintiff's motion for judgment notwithstanding the verdict *held* not error, since such motion under Section 202, Or. L., is based on pleadings.

---

Appeal and Error, 4 C. J., p. 852, n. 56.
Judgments, 33 C. J., p. 1181, n. 28, p. 1183, n. 45, 47.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.

AFFIRMED.

For appellants there was a brief over the names of *Mr. Thomas Mannix* and *Mr. S. J. Silverman,* with an oral argument by *Mr. I. G. Ankelis.*

---

Right of court to go beyond pleadings in disposing of motion for judgment *non obstante veredicto*, see note in Ann. Cas. 1913A, 1023. Right of judgment *non obstante veredicto* because of failure of proof, see notes in 12 L. R. A. (N. S.) 1021; L. R. A. 1916E, 828. See, also, 15 R. C. L. 606.

For respondents there was a brief and oral argument by *Mr. A. P. Dobson.*

BELT, J.—This is an action to recover damages for the loss of profits alleged to have been sustained by reason of interference with the right to possession of a moving picture theater operated by plaintiff. The defendants denied that plaintiff had sustained any damages and by affirmative defense alleged other matters not necessary here to state. The cause was submitted to a jury and a verdict rendered in favor of the defendants. Plaintiff appeals assigning as sole error the refusal of the court to allow his motion for judgment notwithstanding the verdict.

Section 202, Or. L., among other things provides that such a motion is proper when "the facts stated in the pleadings of the plaintiff or defendant, as the case may be, do not constitute a cause of action or defense thereto." It has been held many times by this court that a motion for judgment notwithstanding the verdict must necessarily be based upon the pleadings. In the instant case there was an issue under the pleadings, relative to the question of damages, for submission to the jury. Plaintiff demanded judgment for $12,000, but the jury found that he had sustained no damage. The court is asked to set aside this verdict and to assess damages. This we are not prepared to do. See *Snyder* v. *Portland Ry., L. & P. Co.*, 107 Or. 673 (215 Pac. 887); *Bertin & Lepori* v. *Mattison,* 80 Or. 354 (157 Pac. 152, 5 A. L. R. 590); *Houser* v. *West,* 39 Or. 392 (65 Pac. 82).

Furthermore, on the merits, we find that there was ample testimony to sustain the finding of the

jury that plaintiff was not damaged.   There is absolutely no merit in this appeal.

The judgment of the lower court is affirmed.

AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.