Argued January 17, affirmed January 31, 1928.

## THOMAS KELLEY v. STOUT LUMBER CO.

### (263 Pac. 881.)

**Judgment—Motion for Judgment Notwithstanding Verdict Does not Test Sufficiency of Evidence, but Merely Attacks Pleadings (Or. L., § 202).**

1. Motion for judgment notwithstanding the verdict is directed to the state of the pleadings, under Section 202, Or. L., and does not test sufficiency of the evidence.

**Damages—Admission of Evidence of Loss of Wages, Under Complaint Alleging Injured Plaintiff Sustained "Loss of Time from His Work and Labor," Held not Error.**

2. In action for injuries admission of testimony relative to plaintiff's loss of wages, under complaint alleging that plaintiff had sustained "loss of time from his work and labor," *held* not error, since defendant was sufficiently advised that plaintiff would claim damages for loss of time and could have obtained greater particularity by motion to make pleading more definite.

---

1. Right of court to go beyond pleadings in disposing of motion for judgment *non obstante veredicto*, see note in Ann. Cas. 1913A, 1023. See, also, 15 R. C. L. 606. Right to judgment *non obstante veredicto* because of failure of proof, see, notes in 12 L. R. A. (N. S.) 1021; L. R. A. 1916E, 828.

Appeal and Error—Admitting Plaintiff's Testimony as to Prior Injury Held not Prejudicial, in Action for Damages for Injury not Claimed to have Been Aggravated by Prior Injury.

3. Permitting plaintiff, in action for injuries, to testify as to previous injury, from which he stated he had fully recovered, *held* not prejudicial where there was no attempt on the part of plaintiff to recover damages for aggravation of prior injury.

Appeal and Error—Alleged Misconduct of Counsel in Argument Held Not Reviewable, Where No Ruling Thereon was Made or Requested.

4. Alleged misconduct of counsel in argument *held* not reviewable on appeal, where no ruling was requested or made relative to misconduct.

Negligence — Instruction Defining "Proximate Cause" as Means Which Lead to or Might Naturally be Expected to Produce Result Held not Error.

5. Instruction defining proximate cause "as the means which lead to or might naturally be expected to produce the result," and explaining definition by statement that it was act or omission which produced injury or directly put in operation other agency whereby injury was inflicted, *held* not error.

---

Appeal and Error, 3 C. J., p. 862, n. 21; 4 C. J., p. 969, n. 56.
Damages, 17 C. J., p. 1014, n. 60.
Judgments, 33 C. J., p. 1180, n. 23 New, p. 1184, n. 50.
Master and Servant, 39 C. J., p. 1227, n. 38.

From Multnomah: WALTER H. EVANS, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Chester A. Sheppard* and *Messrs. Goss & Murphy*, with an oral argument by *Mr. Wendell T. Phillips.*

For respondent there was a brief over the name of *Messrs. Lord & Moulton*, with an oral argument by *Mr. Arthur I. Moulton.*

---

4.  See 2 R. C. L. 438.
5.  Proximate and remote cause, see note in 36 Am. St. Rep. 807. See, also, 22 R. C. L. 110.

BELT, J.—Plaintiff had a verdict in an action to recover damages for personal injuries sustained while employed as a "choker setter" in carrying on certain logging operations of the defendant company. Defendant appeals.

1. Error is assigned on the denial of defendant's motion for judgment notwithstanding the verdict. It is not contended that the allegations of the complaint are insufficient to state a cause of action. There was no motion for nonsuit or directed verdict. We have several times stated the motion made is directed to the state of the pleadings: Section 202, Or. L.; *Bernstein* v. *Berg,* 123 Or. 343 (262 Pac. 247), and cases therein cited. It is not to test the sufficiency of the evidence.

2. Defendant contends there was no allegation of special damages and it was, therefore, error to admit testimony relative to loss of wages. It is alleged in the complaint that plaintiff sustained a "loss of time from his work and labor." While there are authorities which hold similar allegations insufficient upon which to predicate a claim for special damages, we believe the better reasoned cases sustain the pleading: *Hitchings* v. *City of Maryville,* 134 Mo. App. 712 (115 S. W. 473); *Wilbur* v. *Southwest Missouri Electric Ry. Co.,* 110 Mo. App. 689 (85 S. W. 671); *Brandt* v. *United Rys. Co. of St. Louis,* 153 Mo. App. 16 (132 S. W. 39); *Neel* v. *Ryus,* 149 Mo. App. 111 (130 S. W. 76); *Chesapeake & O. Ry. Co.* v. *Plummer,* 143 Ky. 97 (136 S. W. 159); *Russell* v. *Metropolitan St. Ry. Co.,* 35 Misc. Rep. 293 (71 N. Y. Supp. 765); 17 C. J. 1014. In some jurisdictions great particularity of averment is required, but we believe the modern trend of authority favors simplified pleading. The

object of the rule requiring special damages to be pleaded is that the adverse party will be apprised of the nature of the claim for damages and to prevent his being taken by surprise at the trial. It is idle to argue that defendant was not advised by this pleading that plaintiff would claim damages on account of loss of time  If it desired greater particularity it could have been obtained by motion to make the pleading more definite and certain.   No error was committed in admitting this testimony.

3. Defendant complains because the plaintiff, on direct examination, was permitted to testify that he had been injured before the happening of the accident in question.  An examination of the record discloses that there was no attempt on the part of the plaintiff to recover damages for aggravation of a prior injury.  He stated that he had fully recovered from the first injury.  We are at a loss to understand in what way this testimony could have been prejudicial to defendant.  There is no merit in this assignment.

4. Much space in the briefs is devoted to the alleged misconduct of counsel for plaintiff in his argument to the jury.   However, no ruling was requested nor was any made relative to the question now sought to be reviewed.   As stated in *Watts* v. *Spokane, P. & S. Ry. Co.,* 88 Or. 192 (171 Pac. 901):

"The language and conduct of counsel will justify a reversal only when connected with some judicial error on the part of the trial judge."

5. Objection is made to the following instruction of the court, defining proximate cause:

"Proximate cause might be defined generally as the means which lead to or might naturally be ex-

pected to produce the result. That is to say, it is any act or omission which might produce or fail to prevent the injury, or which directly puts in operation another agency whereby injury is inflicted and which would not have happened but for the original negligent act or omission.''

The first part of this instruction is approved in *Elliff* v. *Oregon R. & N. Co.*, 53 Or. 66 (99 Pac. 76); *Palmer* v. *Portland Ry., Light & Power Co.*, 56 Or. 262 (108 Pac. 211); *Doyle* v. *Southern Pacific Co.*, 56 Or. 495 (108 Pac. 201). The latter part of the instruction was merely an explanation of the definition of proximate cause: 22 R. C. L. 111.

The other two assignments are entirely without merit.

Finding no error in the record, the judgment is affirmed.                                    Affirmed.

Rand, C. J., and Bean and Brown, JJ., concur.