Argued March 29, affirmed June 5, 1923.

# SNYDER v. PORTLAND RAILWAY, LIGHT & POWER COMPANY.

### (215 Pac. 887.)

**Judgment—Motion for Judgment Non Obstante Veredicto at Common Law Always had to be Grounded on Something Apparent on Face of Pleadings.**

1. At common law, a motion for judgment *non obstante veredicto*, was one which only the plaintiff could make, and always had to be grounded on something apparent on the face of the pleadings, and could only be sustained when it appeared from the record that the allegations of the plea constituted no defense or bar to the action.

**Judgment—Non Obstante Veredicto Never Granted, but in a Very Clear Case.**

2. A judgment *non obstante veredicto* is always on the merits, and is never granted, but in a very clear case.

**Judgment—Pleading Good Defense to Cause of Action Held to Prevent Granting Motion for Judgment Non Obstante Veredicto.**

3. Under Section 202, Or. L., providing that motion for judgment *non obstante veredicto* can be made by either plaintiff or defendant, but to sustain the motion it must appear that the facts stated in the pleadings of the defendant or plaintiff do not constitute a cause of action or defense as the case may be, in an action by the owner of a motor-truck against a street railroad company for damage to the truck in a collision, an answer which denied negligence of defendant, and alleged negligence by plaintiff in driving his truck on the track without looking or listening and so close to a car that it was impossible to stop it before striking the truck, pleaded a good and sufficient defense, and, if the defense had been sustained by a verdict, plaintiff could not, at common law or by statute, have successfully invoked the remedy of a judgment *non obstante veredicto*.

**Judgment—Plaintiff, Who had Verdict, cannot have Judgment Non Obstante Veredicto for a Larger Amount.**

4. Both at common law and under Section 202, Or. L., a plaintiff, who has recovered a verdict, cannot have judgment *non obstante veredicto* for a greater amount.

**New Trial—Plaintiff not Entitled to New Trial Because Damage was Less Than Evidence Showed.**

5. In an action by the owner of a motor-truck against a street railroad company for damages to the truck in a collision, where defendants' liability was denied, and evidence offered was sufficient to warrant a verdict in defendant's favor, the fact that plaintiff recovered a verdict for one dollar, although undisputed evidence showed his damage was more, did not entitle him to a new trial

107 Or.—43

since such verdict was virtually one for defendant, and appellant was not harmed.

**Trial—Not Proper for a Juror to Surrender His Conscientious Convictions on Any Material Issue in Reaching a "Verdict."**

6. A "verdict" is the result of a trial by a jury of issues of fact presented by the pleadings, and although it is proper for jurors to harmonize their views and reach a verdict with proper regard for each other's opinions, it is not proper for any juror to surrender his conscientious convictions on any material issue in return for a relinquishment by others of their like settled opinions on another issue, producing a result which does not command the approval of the whole panel.

**Appeal and Error—Judgment not Entered for Amount of Damages Shown by Evidence, When Verdict Shows Defendant not Liable.**

7. Under Constitution, Article VII, Section 3, giving the Supreme Court power to change a judgment in a lower court, in an action by an owner of a motor-truck against a street railroad company for damages to the truck in a collision, in which defendant denied negligence on its part and alleged contributory negligence by plaintiff, the fact that plaintiff's testimony as to the amount of damages was uncontradicted would not authorize the Supreme Court to enter judgment in plaintiff's favor for the amount of damages the evidence shows he sustained, in view of the fact that a verdict for plaintiff for one dollar was evidently based on a determination by the jury that defendant was not liable.

From Multnomah:  ROBERT G. MORROW, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Henry S. Westbrook.*

For respondent there was a brief over the names of *Messrs. Griffith, Leiter & Allen* and *Mr. Frank J. Lonergan,* with an oral argument by *Mr. Cassius R. Peck.*

RAND, J.—Plaintiff had verdict and judgment for one dollar in the court below.  He filed an alternative motion moving said court (1) for judgment notwithstanding the verdict, and failing that relief, (2) that said judgment be set aside and for a new trial.  He

appeals from an order denying both alternatives. No objection was made or exception taken to the admission or rejection of testimony or for misdirection of the jury. The sole question for decision is the correctness of the ruling on said motion.

Plaintiff owns and conducts a wood and coal yard at 429 Hawthorne Avenue in the City of Portland. The defendant operates a double track street-car line over said street in front of plaintiff's premises. Plaintiff alleges in his complaint that in order for him to conduct his business it is necessary, on entering and leaving said yard with his truck, "to run said truck directly across said Hawthorne Avenue in front of the entrance of said premises and then back said truck from Hawthorne Avenue into said premises," and that "in operating said truck it had to be and was the custom to operate said truck across both street-car tracks and then stop said truck, reverse the standard gear shift and then back said truck into said premises, all of which defendant and defendant's said agents and employees had actual knowledge of and knew prior to the date of injuries hereinafter alleged."

The complaint also alleges that at the time of the injury complained of the defendant company was negligent in failing to keep a proper lookout and in not seeing plaintiff's truck upon the track; in operating its car at an excessive and dangerous rate of speed, namely, twenty miles per hour, and in failing to take any precaution to prevent its car from coming into collision with the truck, although the truck could have been seen for a distance of approximately 360 feet from the place where the collision occurred.

The complaint prays for damages in the sum of $832.52, made up of the following items: $502.52

for necessary repairs and replacements to the truck, $80 for loss of its use, and $250 for its depreciation in value on account of the injury.

By its answer the defendant denied negligence upon its part and affirmatively alleged negligence of the plaintiff in moving the truck without stopping, looking or listening, immediately in front of and in such close proximity to the moving car that it was impossible for the defendant to stop its car before coming into collision with the truck.

1. At common law a motion for judgment *non obstante veredicto* was one which only the plaintiff could make: 1 Smith's Actions at Law, 161. The motion always had to be grounded upon something apparent on the face of the pleadings and could only be sustained when it appeared from the record that the allegations of the plea constituted no defense or bar to the action. "Where a plea confesses the action and does not sufficiently avoid it, judgment shall be given upon the confession without regard to a verdict for the defendant, which is called a judgment *non obstante veredicto*." 1 Chitty on Pleadings, 688; 2 Tidd's Practice, 920; 1 Smith's Actions at Law, 161. "It is given when, upon an examination of the whole pleadings, it appears to the court that the defendant has admitted himself to be in the wrong and has taken issue on some point which, though decided in his favor by the jury, still does not at all better his case.". 1 Smith's Actions at Law, 161.

2. A judgment *non obstante veredicto* is always upon the merits and is never granted but in a very clear case: 1 Chitty on Pleadings, 688; Tidd's Practice, 922.

3. By Section 202, Or. L., a motion for judgment notwithstanding the verdict can now be made either

by the plaintiff or defendant, but before the motion can be sustained, it must appear from the pleadings, either that the court had no jurisdiction of the subject of the action or of the person of the defendant, or that the facts stated in the pleadings of the defendant or plaintiff do not constitute a cause of action or defense, as the case may be, and that such objection was not taken by demurrer or answer. While provision is made by the statute for the giving of a judgment *non obstante veredicto* in cases not provided for at common law, yet the elements essential to the giving of such judgment at common law are preserved by statute. At common law the defect complained of must appear from the pleadings, and this rule prevails under the statute. As said in *Houser* v. *West,* 39 Or. 392 (65 Pac. 82): "The motion for judgment notwithstanding the verdict must necessarily be based upon the pleadings." Again this court said in *Bertin & Lepori* v. *Mattison,* 80 Or. 354 (157 Pac. 153, 5 A. L. R. 590): "The remedy * * is based solely upon the state of the pleadings and not upon the construction of the evidence."

The cause of action alleged by the plaintiff in his complaint is a demand for damages resulting from the alleged negligence of the defendant in running one of its cars into collision with his truck. The answer denied negligence on the part of the defendant and alleged that the damages complained of resulted from the negligence of the plaintiff in driving his truck, without stopping, looking or listening, upon the track of the defendant, immediately in front of one of its moving cars and in such close proximity to said car that it was impossible for the defendant company to stop its car before running into plaintiff's truck. The answer pleaded a good and sufficient

defense to plaintiff's cause of action, and if this defense had been sustained by a verdict, the plaintiff could not, at common law or by statute, have successfully invoked the remedy of a judgment *non obstante veredicto.*

4. Indeed, the very common-law definition of a judgment *non obstante veredicto* precludes the concept that a plaintiff, who has recovered a verdict, can be granted the remedy of a judgment *non obstante veredicto.* The same is true under the statute. Both by the rules of the common law and by statute, the judgment that a plaintiff is entitled to upon a verdict in his favor, is a judgment on the verdict and not a judgment for a greater or different amount than that found to be due the plaintiff by the verdict. Hence, neither under the rules of the common law nor by statute, as the plaintiff, and not the defendant, had verdict and judgment in the court below, could the plaintiff in this action become entitled to a judgment *non obstante veredicto,* and therefore plaintiff's motion for a judgment notwithstanding the verdict is without merit.

5. Plaintiff bases his motion for a new trial upon three grounds specified therein, which, in substance, are: misconduct of the jury in limiting the amount of damages awarded to one dollar; a total want of evidence to justify a verdict for that amount only, and that the verdict is against law. As heretofore stated, no objection was made or exception taken to any ruling of the court upon the trial or to any instruction given or refused by the court, and no objection of that kind is made at this time. The only objection urged here is the ruling of the court upon the motion itself. Plaintiff's sole contention in this behalf is that the evidence adduced upon the trial

upon his part was sufficient to establish that he was damaged in the sum of $832.52 and that the amount of the damage was not questioned or controverted in any way by any evidence on the part of the defendant. From this he reasons that as the jury found that the plaintiff was entitled to recover damages in the sum of one dollar, this was equivalent to a specific finding that the defendant was negligent as charged in the complaint, and because of such negligence was liable to the plaintiff for all of the damages resulting therefrom, and, the amount of the damages, being undisputed, plaintiff was entitled, as a matter of law, to a verdict for the full amount thereof, and is now entitled to the entry of a judgment here for that amount, under the constitutional amendment (Art. VII, Sec. 3), and, failing that, to an order granting him a new trial.

There would be force in this contention if the liability of the defendant for the damages sustained by the plaintiff had been admitted, and if the measure of damage was a liquidated amount. The plaintiff, in such a case, would be entitled to a new trial because a verdict for one dollar, unless set aside, would defeat the ends of justice. In this case defendant's liability was denied and the evidence offered at the trial was sufficient to warrant the jury in returning a verdict in defendant's favor. Before the jury could rightfully find a verdict for the plaintiff it was necessary for it to find that the defendant was liable, and unless it found the defendant liable, it had no right to return a verdict against the defendant. It does not follow that because the plaintiff obtained a verdict for one dollar while suffering damages in a sum greater than one dollar that the verdict was equivalent to a finding by the jury that the defendant was

liable. The effect of the verdict is that the defendant was not liable for any sum except one dollar.

6. A verdict is the result of a trial by a jury of issues of fact presented by the pleadings. While it is proper for jurors to harmonize their views and reach a verdict with proper regard for each other's opinions, it is not proper for any juror to surrender his conscientious convictions upon any material issue in return for a relinquishment by others of their like settled opinions upon another issue, producing a result which does not command the approval of the whole panel: *Simmons* v. *Fish,* 210 Mass. 563, 571 (97 N. E. 102, Ann. Cas. 1912D, 588).

The fact that the jury returned a verdict for the plaintiff in the sum of one dollar only, knowing that he sustained damages far in excess of that sum, shows that the verdict was a compromise verdict evidently entered into in order to tax the costs of the action upon the defendant company, while giving to the defendant a verdict for everything except costs and subjects this verdict to the criticism made by Cooley, J., of a like verdict in *Goodsell* v. *Seeley,* 46 Mich. 623, 628 (10 N. W. 44, 41 Am. Rep. 183), where he said:

"It is no doubt true that juries often compromise in the way here suggested, and that by 'splitting differences,' they sometimes return verdicts with which the judgment of no one of them is satisfied. But this is an abuse. The law contemplates that they shall, by their discussions, harmonize their views if possible, but not that they shall compromise, divide and yield for the mere purpose of an agreement. The sentiment or notion which permits this tends to bring jury trial into discredit and to convert it into a lottery. It was no doubt very desirable to the public and to the parties that the jurors should agree if they could do so without sacrificing

what any one of them believed were the just rights of the parties; but not otherwise.''

This verdict, however, was virtually a verdict for the defendant. By it the plaintiff was given one dollar more than he was entitled to. But as he was not injured thereby, he cannot complain. He is not entitled to have this verdict set aside and a new trial granted unless, under the same evidence, he would have been entitled to have the verdict set aside if the jury had found a verdict in favor of the defendant.

In *Haven* v. *Missouri Ry. Co.,* 155 Mo. 216 (55 S. W. 1035), where a verdict in favor of the plaintiff for one cent was returned, the court held:

''The plaintiff however is not entitled as a matter of law reviewable by this court, to have the verdict set aside unless her case is such that if the verdict had been for the defendant, she would have been entitled to have the verdict set aside. In other words, where a jury has returned a verdict for nominal damages in a case where the plaintiff is not entitled to any damages, the verdict will not be set aside in the appellate court at the instance of the plaintiff.''

In *Young* v. *Great Northern Ry. Co.,* 80 Minn. 123 (83 N. E. 32), the plaintiff appealed from an order refusing to grant plaintiff's motion for a new trial upon the ground that the damages, as found by the verdict, were inadequate and insufficient, and it was held that:

''If the court below was of the opinion—and it might well have been of such opinion—that plaintiff was not entitled to any verdict under the evidence, the ruling was correct.''

In *Fulmele* v. *Forrest,* 4 Boyce (Del.), 155 (86 Atl. 733), an action to recover damages for the death of plaintiff's intestate, on account of the alleged negli-

gence of the defendant, the plaintiff recovered a verdict for six cents. It was held:

"If, upon a careful consideration of all of the evidence, it does not appear that the plaintiff is entitled to have a recovery for substantial damages, as we think the jury in this case may very reasonably have found under all the facts adduced, the court should not set the verdict aside, but rather treat an award of nominal damages for the plaintiff in the nature of a verdict for the defendant."

In *Vanek* v. *Chicago Great Western Ry. Co.*, 252 Fed. 871, where the plaintiff, as administrator, sued the defendant company for its alleged negligence in causing the death of plaintiff's intestate and the destruction of his automobile, the jury found a verdict for the plaintiff in the sum of one dollar, and on plaintiff's motion for a new trial, solely on the ground of the inadequacy of the verdict, the court denied the motion, and, among other things, said:

"If the verdict in this case had been for the defendant, that finding would have had ample support in the testimony upon the ground that the deceased was guilty of contributory negligence; and it is quite obvious that the verdict of one dollar was to carry the costs against the defendant and so long as it does not complain, the verdict should not be set aside at the instance of the plaintiff."

In *Hubbard* v. *Town of Mason City*, 64 Iowa, 245 (20 N. W. 172), which was an action for personal injuries suffered by the plaintiff by falling upon an alleged defective sidewalk, where a verdict of one dollar, in favor of plaintiff, was returned, it was held:

"Now, if the court below was of the opinion—and it might well have been of such opinion—that the plaintiff was not entitled to any verdict under the evidence,

the ruling was correct. The case is entirely different from an action for a liquidated sum of money, where a party is either entited to a verdict for a definite amount or not entitled to anything. It is very evident that the jury in this case did not believe that plaintiff was entitled to damages. If they did so believe, they would have given more than a nominal sum. The verdict is clearly equivalent to a finding that he was not entitled to recover, and such finding is supported by the evidence.''

In *Rubinson* v. *Des Moines City Ry. Co.*, 191 Iowa, 692 (182 N. W. 865), another case where a verdict in favor of plaintiff for one dollar was returned, that court said:

''There are numerous cases holding that where the verdict for plaintiff is equivalent to a finding that plaintiff was not entitled to recover, and such finding is supported by the evidence, a new trial should not be granted on the ground of inadequacy of damages. We think the instant case falls within this class.''

In *Olek* v. *Fern Rock Woolen Mills,* 180 Fed. 117, a personal injury action, the jury returned a verdict of $250 in favor of the plaintiff. The plaintiff moved for a new trial on the ground that the verdict was inadequate. The court said:

''We think the authorities uniformly support the proposition that where the court is of the opinion that the verdict should have been for the defendant upon evidence which would have justified such a verdict, and especially, as in this case, where the preponderance of the evidence was in favor of the defendant, a court should not set aside a verdict simply upon the ground of inadequacy. *Reading* v. *Texas Pacific Ry. Co.* (C. C.), 4 Fed. 134, 2 Sedg. on Damages, 656.''

The evidence in the instant case was such that the jury could reasonably and properly have re-

turned a verdict for the defendant, and if the verdict had been for the defendant, as there would have been abundant evidence to sustain it, the verdict could not have been set aside upon any of the grounds urged in plaintiff's motion. Evidently the jury intended to find what would amount to a verdict for the defendant and, at the same time, to impose upon the defendant the payment of the costs of the action. Otherwise, there could be no reasonable explanation of the verdict. If this is so, no one was injured thereby except the defendant, and it alone would have the right to complain. Plaintiff is therefore not entitled to have his motion to set aside the verdict and for a new trial sustained.

7. Upon the argument plaintiff insisted that he was entitled to have this court exercise the constitutional power conferred upon it by Article VII, Section 3, by entering a judgment in his favor for the *quantum* of damages that the undisputed and uncontradicted evidence shows he sustained. The same reasons which impel the court to deny plaintiff's motion for a new trial are controlling upon the court in respect to the latter motion. By its answer the defendant denied that the plaintiff had sustained any damage. It also denied any negligence upon its part and any liability to the plaintiff, and alleged that the plaintiff's own negligence brought about the injury complained of. In its proof the defendant offered no evidence in any way contradicting or disputing plaintiff's testimony as to the extent of the damage sustained, but confined its testimony to disproving negligence upon its part and in attempting to establish the contributory negligence of the plaintiff. There were three issues presented by the pleadings upon which the jury had to pass in order

to return a verdict for the plaintiff. These issues required the jury to determine from the evidence whether or not it was the defendant's negligence or that of the plaintiff which brought about the injury complained of. The determination of these two issues determined the liability or nonliability of the defendant, and if the jury found that the defendant was liable, then it was called upon to pass upon the amount of the damages sustained. If the jury had intended to find that the defendant was liable, it is obvious that the verdict would have been for a greater amount than one dollar. Hence, for this court to disregard all of the evidence bearing upon the two principal issues in the case upon which defendant's liability wholly depends and decide the case upon a secondary issue which could be material only in the event that the court found that the defendant was liable, would be a wrongful exercise of judicial power and authority. In fact this court would have no right to consider the subject of damages until it had settled the liability in favor of the plaintiff. A question somewhat similar to this arose in the case of *Donnatin* v. *Union Hardware Co.*, 38 Cal. App. 8 (175 Pac. 26). That was a personal injury action where the defendant denied negligence and alleged plaintiff's contributory negligence. The jury returned a verdict for plaintiff for one dollar. The plaintiff moved to set aside that part of the verdict fixing the damage at one dollar and for a new trial of the single issue as to the damage sustained by the plaintiff. The Supreme Court of California, in denying that motion, said:

"As shown by the evidence, there was no contest as to the extent of plaintiff's injuries; hence the real subject of the trial was the question of defendant's alleged negligence, as to which there was

no justifiable verdict. Nevertheless the verdict rendered against defendant was so insignificant in amount that, had it moved for a new trial, no action by any court, other than a denial of such motion, is conceivable. Hence, it would work a grave injustice upon defendant to force it to a new trial of the issue as to damages only, with the issue as to liability, upon which no verdict other than in name had been rendered, forever closed against any inquiry. 'An examination of all the evidence relating to the injury and its cause and the conduct of the plaintiff, as well as the defendant's agents, might show that it is so interwoven with that relating to damage that to fairly ascertain what is a just compensation the plaintiff should receive, if he is entitled to recover at all, can best be determined by trying the whole case before one judge and one jury instead of "splitting it up" between different judges and different juries.' *Norfolk Southern R. Co.* v. *Ferebee,* 238 U. S. 269, (59 L. Ed. 1303, 35 Sup. Ct. Rep. 781, see, also, Rose's U. S. Notes)."

For these reasons the judgment of the Circuit Court is affirmed.                               Affirmed.

McBride, C. J., and Burnett and Harris, JJ., concur.