### TAYLOR v. VIRGINIA METAL PRODUCTS CORP.

Civ. No. 1162.

United States District Court
E. D. Virginia, Richmond Division.

Dec. 12, 1952.

Michael & Musselman, Charlottesville, Va., for plaintiff.

Christian, Barton, Parker & Boyd, Richmond, Va., and Leo C. Fennelly, New York City, for defendant.

STERLING HUTCHESON, Chief Judge.

The plaintiff, James Hay Taylor, a resident of Virginia, who will be referred to hereinafter as plaintiff or Taylor, filed a complaint against Virginia Metal Products Corporation, which will be referred to hereinafter as the defendant or Virginia, invoking the jurisdiction of this Court on the ground of diversity of citizenship. Subsequently an amended complaint was filed and when the term "complaint" is used the reference will be to the complaint and the amended complaint.

The complaint charges the defendant with libel in the first count and slander in the second count. The alleged libel consisted of the contents of a proof of loss filed by the defendant Virginia with a bonding company and the alleged slander count consisted of statements alleged to have been made by a representative of Virginia in certain negotiations with union representatives. Plaintiff, Taylor, asks judgment for $100,000.

Virginia filed an answer to the complaint and also filed a counterclaim consisting of five items.

To the first count of the complaint Virginia filed several defenses, which included, among others, truth and privilege. To the second count Virginia filed several defenses, which included a denial of the charge, truth, if such charge was made, and privilege.

In its counterclaim Virginia sets up two sales transactions had by Taylor in which it is alleged Taylor collected the proceeds and failed to account to Virginia for them; and further that Taylor is indebted to the defendant for the conversion of certain checks belonging to Virginia and for traveling expenses and a personal indebtedness, all in the sum of $97,030.95. Virginia seeks judgment against Taylor for this amount.

After hearing the evidence as to Taylor's claim and Virginia's counterclaim and the charge of the Court, the jury retired and returned a verdict for Virginia on Taylor's claim against it and a verdict for Virginia

on its counterclaim, fixing damages in the sum of $1.00.

After verdict Taylor filed a written motion asking that the verdict on the complaint be set aside and a new trial granted solely on the question of damages, or in the alternative that the verdict on the complaint be set aside and a verdict entered for him on the complaint.

Taylor has not requested any court action with respect to the jury's verdict on the counterclaim.

Virginia has filed a written motion asking that the jury's verdict on the counterclaim be set aside and a directed verdict be entered for it on the counterclaim for the amount claimed, or in the alternative that the jury's verdict on the counterclaim be set aside and a new trial granted solely on the question of amount of damages on the counterclaim.

These motions are now before the Court for determination.

■ At the trial of the case on its merits the evidence was conflicting. Taylor denied that he had misappropriated any funds belonging to Virginia. Virginia contended that he had. Virginia further contended that the alleged libellous and slanderous publications were true and that they were also privileged and consequently it would not be liable for them unless they were false and went beyond the privilege of the occasion. On this conflicting evidence the jury returned a verdict for Virginia on the complaint. Whether the jury thought the remarks were true, whether they thought the remarks were privileged and the privilege not exceeded, or in just what manner the jury thought Taylor had failed to prove his case is not known. It was my opinion at the time, and still is, that the questions involved were factual questions, to be resolved by the jury and the jury having decided them adversely to Taylor, I do not feel that the Court should disturb the jury verdict. Taylor's motion filed herein on May 10, 1952, in the alternative, should therefore be overruled.

■ The evidence on which Virginia's counterclaim was based was the same as that introduced in support of its defense to Taylor's claim. While Virginia contended Taylor was indebted to it for five separate transactions Taylor denied liability on each claim of the counterclaim and offered explanation therefor. Again this evidence was conflicting. Here, however, the burden of proving Taylor's indebtedness to Virginia was upon Virginia and it was as much its burden to prove the amount as it was to prove the existence of the indebtedness. It was, and still is, my view that under the evidence the jury could have brought in a verdict for either the plaintiff or Virginia on this counterclaim and there would have been sufficient evidence to sustain the verdict either way. The jury while bringing in a verdict for Virginia awarded only $1.00 in damages. This certainly must be considered as a nominal verdict. As I view this award it raises a question in my mind as to whether a verdict for $1 in such a case as this is in law a verdict for Virginia on the counterclaim or a verdict for Taylor. This, it appears, is the question to be determined in passing on Virginia's motion.

In discussing the counterclaim, while the parties are sometimes referred to as plaintiff and defendant, the roles they occupied on the original complaint, it must be borne in mind that the defendant is actually a party plaintiff on the counterclaim and the plaintiff a party defendant.

In the case of Snyder v. Portland Ry., Light & Power Co., 107 Or. 673, 215 P. 887, 889, the Court said:

"Plaintiff's sole contention in this behalf is that the evidence adduced upon the trial upon his part was sufficient to establish that he was damaged in the sum of $832.52, and that the amount of the damage was not questioned or controverted in any way by any evidence on the part of the defendant. From this he reasons that, as the jury found that the plaintiff was entitled to recover damages in the sum of one dollar, this was equivalent to a specific finding that the defendant was negligent as charged in the complaint, and because of such negligence was liable to the plaintiff for all of the damages resulting therefrom, and, the

amount of the damages being undisputed, plaintiff was entitled, as a matter of law, to a verdict for the full amount thereof, and is now entitled to the entry of a judgment here for that amount, under the constitutional amendment (article 7, § 3) * * *.

"There would be force in this contention, if the liability of the defendant for the damages sustained by the plaintiff had been admitted, and if the measure of damage was a liquidated amount. The plaintiff, in such a case, would be entitled to a new trial, because a verdict for $1, unless set aside, would defeat the ends of justice. In this case defendant's liability was denied, and the evidence offered at the trial was sufficient to warrant the jury in returning a verdict in defendant's favor. * * * It does not follow that, because the plaintiff obtained a verdict for $1 while suffering damages in a sum greater than $1, the verdict was equivalent to a finding by the jury that the defendant was liable. The effect of the verdict is that the defendant was not liable for any sum except $1. * * * The fact that the jury returned a verdict for the plaintiff in the sum of $1 only, knowing that he sustained damages far in excess of that sum, shows that the verdict was a compromise verdict, evidently entered into in order to tax the costs of the action upon the defendant company, while giving to the defendant a verdict for everything except costs * * *. This verdict, however, was virtually a verdict for the defendant. By it the plaintiff was given $1 more than he was entitled to. But, as he was not injured thereby, he cannot complain. He is not entitled to have this verdict set aside and a new trial granted, unless, under the same evidence, he would have been entitled to have the verdict set aside if the jury had found a verdict in favor of the defendant."

In the case of Noyes v. Adams, 76 Wash. 412, 136 P. 696, 698, the Court said:

"The record, therefore, shows nothing more than the execution of a contract and its partial breach. While this in some instances would show a right to nominal damages, it is not so in this character of action. The rule in this jurisdiction is that, in an action for damages, the object of which is to recover damages only, a failure to prove substantial damages is a failure to prove the substance of the issue, entitling the defendant to a judgment."

I am mindful that the decisions cited above are from jurisdictions other than Virginia and that some jurisdictions hold contra to the above rule and in considering the defendant's motion in the case at bar the Court should follow the Virginia decisions. Consideration of the authorities leads me to the conclusion that the Virginia courts have adopted substantially the same view set forth in the case of Snyder v. Portland Ry., Light & Power Co., supra.

In the case of C. R. Woodson v. W. B. Harvey, decided by the Circuit Court of Appomatox County, Virginia, on May 3, 1928 (unreported), the plaintiff had sold to the assignor of defendant certain timber and gave the purchaser five years to cut and remove the timber "unless something unavoidable takes place to require a year or more extension, which shall be given". The defendant did not remove the timber within the five-year period and after five years removed $1442 worth of timber. Plaintiff sued defendant for this amount and defendant contended that something unavoidable took place which prevented him from removing the timber within five years, and further that plaintiff had agreed to an extension of time for defendant to remove the timber. Plaintiff denied that anything unavoidable took place to prevent defendant from removing the timber within five years and further denied that an extension had been granted. The parties agreed the value of the timber removed was $1442. After retiring the jury returned and inquired of the Court whether they could bring in a verdict for the plaintiff for court costs only and upon being told by the Court that a verdict for the plaintiff had to be for at least $10, the

jury returned a verdict for the plaintiff for $10. Plaintiff moved the Court to set aside the verdict as inadequate and to enter up final judgment for plaintiff for $1442 in accordance with the Virginia Code, contending that, since the evidence was conflicting, the verdict of the jury determined all questions of conflict in his favor, and was a finding that the defendant removed the timber without justification or excuse. Defendant contended that the verdict was substantially and in legal effect a finding for the defendant on the question of his liability for wrongful removal of the lumber and determined all questions of conflict on that point in his favor. After stating the question on the plaintiff's motion to be whether when the evidence shows that the plaintiff is entitled to substantial damages, or none at all, a finding of a mere nominal amount, barely sufficient to carry costs, is in effect a verdict for the plaintiff or a verdict for the defendant the Court cited the case of Snyder v. Portland Ry., Light & Power Co., supra, and quoted at length therefrom. The Circuit Court of Appomatox County, then said:

> "Numerous decisions are cited in the opinion (Snyder case) which fully sustain the proposition of law laid down, namely, that a finding for a mere nominal sum where plaintiff is entitled to substantial damages, or nothing, is in effect a verdict for the defendant, and the court can disturb it only if it should have set it aside if it had been actually for the defendant. * * * I therefore must overrule the motion to set it aside."

While the decision of the Appomatox Court is not controlling it is cited because of the similarity of the facts to those in the instant case and because the rule there announced appears to be in accord with the decision of the Supreme Court of Appeals of Virginia in the case of Rawle v. McIlhenny, 163 Va. 735, 177 S.E. 214, at pages 220 and 221, 98 A.L.R. 930, where the Court said:

> "But the right of a plaintiff to have a verdict in his favor set aside, over the objection of the defendant, on the ground of inadequacy, does not depend solely upon the evidence bearing upon the damage he has suffered. Both the apparent cause for the return of an inadequate verdict and the state of the evidence relative to the liability of the defendant have an important, and to a considerable extent interacting, bearing upon the plaintiff's right to have the verdict set aside. * * *

> "Cases of conflicting evidence, in which there is sufficient evidence to support a verdict in favor of either the plaintiff or the defendant, but in which there is no clear preponderance of the evidence in favor of either.

> "In this class of cases there is much diversity of opinion among the courts. Without undertaking to review the cases falling in this class, we state our conclusion as to the correct rules applicable to them, which has been formed after an extensive examination of the subject:

> "(a) Where the verdict is for nominal damages only, ordinarily it should be considered as a finding for the defendant perversely thus expressed, and should not be set aside, *unless* there is some fact or circumstance other than the smallness thereof which warrants the inference that the jury was actuated by partiality, sympathy, bias, prejudice, passion, corruption, or other improper influences or nature acting against the plaintiff."

While the Rawle v. McIlhenny case, supra, is a case involving personal injury, no reason presents itself why the same rule of law would not apply in cases such as the case at bar. Section 8–224, Title 8, Virginia Code of 1950, does not distinguish between personal injury cases and other cases. The language used in this section is: "In any civil case or proceeding, the court * * * may grant a new trial * * *." Under this section it appears that the action of the court should be the same in cases such as the case at bar as in personal injury cases where the motion is to set aside the verdict of the

jury, or a part thereof, on the ground that the damages awarded are inadequate.

In the case of Schuerholz v. Roach, 4 Cir., 58 F.2d 32, which dealt primarily with the question of the denial by the trial judge of a motion for a partial new trial under the Virginia statute, the Court in dealing with the question of granting the motion for a partial new trial for inadequate damages awarded the plaintiff quoted the following from the case of Simmons v. Fish, 210 Mass. 563, 97 N.E. 102, 106:

"It is inconceivable that any jury, having agreed upon the issue of liability, should have reached such a determination as to damages. They had no right to consider the subject of damages until they had settled the liability in favor of the plaintiff. The verdict itself is almost conclusive demonstration that it was the result not of justifiable concession of views, but of improper compromise of the vital principles which should have controlled the decision. It could have been reached only by certain of the panel conceding their conscientious belief that the defendant ought to prevail upon the merits in order that a decision might be reached. *It is possible that a trial court might let such a verdict stand for various reasons, as for instance if on the whole it should appear to him that a verdict for the defendant ought not to have been set aside.*" (Italics supplied.)

The italicized portion of the above case seems almost identical in substance with the language used in the case of Snyder v. Portland Ry., Light & Power Co., supra [107 Or. 673, 215 P. 890], where the Court used the following language, which was quoted with approval in the case from the Circuit Court of Appomatox County:

"He is [the plaintiff who is complaining of inadequate damages] not entitled to have this verdict set aside and a new trial granted, unless, under the evidence, he would have been entitled to have the verdict set aside if the jury had found a verdict in favor of the defendant."

As I view this case the evidence was conflicting on the defendant's counterclaim and was such that it would have supported a verdict for either the plaintiff or the defendant. On this evidence the jury returned a verdict for the defendant on its counterclaim in a nominal amount. After careful consideration of the defendant's motion in the alternative it is my opinion that this motion falls squarely within the rule laid down by the Supreme Court of Appeals of Virginia in the case of Rawle v. McIlhenny, supra, 177 S.E. at page 221, where it is said:

"Where the verdict is for nominal damages only, ordinarily it should be considered as a finding for the defendant perversely thus expressed, and should not be set aside, unless there is some fact or circumstance other than the smallness thereof which warrants the inference that the jury was actuated by partiality, sympathy, bias, prejudice, passion, corruption, or other improper influences or nature acting against the plaintiff."

█ I am unable to say that the verdict on the counterclaim was actuated by partiality, sympathy, bias, passion or other improper influence, reacting against the defendant Virginia on its counterclaim. Such idea is negated by the action of the jury on the plaintiff Taylor's complaint. It follows that the verdict on the counterclaim must be considered as a finding for Taylor "perversely thus expressed". Taylor is not complaining of the verdict on the counterclaim and since it has the effect of being a finding against Virginia it follows that Virginia received $1 more than it was entitled to and therefore has no grounds for complaint.

The defendant's motion in the alternative, filed herein on May 7, 1952, should therefore be overruled.